## MARSHALL & McKEE *v.* KINNEY.(1)

Where, in a trial before a justice of the peace, the jury disagreed, and the cause was continued, and a venue issued for another jury; and where the parties appeared on the second day, and before the jury was sworn, or the trial commenced, the plaintiffs made the proper affidavit, and applied for a change of venue, on the ground that the justice was a material witness for them, and a change of venue was granted, to which defendant objected; *Held*, 1. That the application was in time, and that the change of venue was properly granted. 2. That until the second jury was sworn, the parties were, by the law, left free to seek another tribunal, upon making the requisite affidavit.

### *Appeal from the Lee District Court.*

THE plaintiffs sued defendant before a justice of the peace. Jury trial, and a disagreement. Cause continued, and a venire issued for another jury. When the parties appeared on the second day, and before the jury was sworn, or the trial had commenced, the plaintiffs made the proper affidavit, and applied for a change of venue, for the reason that the justice was a material witness for them. The change of venue was granted, to which defendant objected. The cause was transferred to another justice, but the defendant made no further general appearance. Judgment being rendered against him, he brought his writ of error, to supervise the order of the first justice in ordering the change of venue, which order was affirmed in the District Court, and he now appeals.

*Edwards & Turner*, for the appellant.

*Marshall & Moss*, for the appellees.

WRIGHT, C. J.—The only question presented is, whether the application for a change of venue was in time, under the act approved Jan. 24, 1853, regulating changes of venue in suits pending before justices of the peace. That act provides, "that in all cases pending before a justice of the peace, either party before the trial is commenced, may have a change of venue, upon filing an affidavit," &c. It is claimed, that inasmuch as this application was not made before the first jury was sworn, and the trial or hearing then had, it was too late to make the application, when the parties appeared on the second day; and that the trial as contemplated by this law, actually continued from the time of the swearing of the first jury, until the cause was finally decided, on the second hearing.

We think the application was in time. The first hearing resulted in a mis-trial. The parties then separated; the jury was discharged; other witnesses could be introduced; amended or additional pleadings might be allowed; a new jury was called; and in a word, the parties were placed in the same position they were before the first jury was sworn. By a trial, we understand the examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue. When did this examination or trial commence? Not until the jury was sworn, or the cause was submitted to the justice, and this in no legal sense was the case, when the affidavit was made. Up to that time, we think, the parties were by the law left free to seek another tribunal, upon making the requisite affidavit. To hold otherwise, would be to deprive the party of his right to seek an impartial tribunal, though he might become satisfied on the first trial, and for the first time, that the justice was a material witness for him, or "prejudiced against him;" or that he could "not obtain justice." For by the law, he has a right to a change of ve-

nue for either of these causes, and though he was to state that he became possessed of the knowledge of either of these facts, after the first trial,. as an excuse for not applying sooner, it would not change the rule, according to the construction claimed by defendant.

We do not understand the decision in *Lyne* v. *Hoyle*, 2 G.. Greene, 136, referred to by defendants,. to establish any different doctrine, but rather to sustain it.

Judgment affirmed..