## McKenney & Delashmutt v. Hopkins.

1. **Change of venue: JUSTICE'S COURT.** An application for a change of venue made in a justice's court, after the commencement of the trial of the cause, was properly overruled.

2. **Practice: JUSTICE'S COURT: BILL OF PARTICULARS.** When the cause of action in a justice's court consists of a book account embracing several items, the defendant is entitled to a bill of particulars, or to have an entry of the several items entered upon the justice's docket, upon demanding the same.

*Appeal from Jones District Court.*

SATURDAY, JUNE 16.

*J. L. Shean* for the appellant.

*C. R. Scott* for the appellee.

Lowe, Ch. J. — Plaintiff sued defendant on book account in the sum of $89.25.

At the trial the defendants demanded a bill of particulars of the account, before they should be required to plead. This the justice refused to order, for the reason that the plaintiff's book containing the account was then before them.

Afterwards the defendant applied for a change of venue, upon the ground that the justice was a material witness for them; application overruled for the alleged reason that the trial had commenced.

The plaintiff being sworn, testified that their account against defendant, as exhibited in their book of accounts, was just and correct, and that the balance still due and unpaid was $89.25, for which a judgment was rendered.

The defendants removed the cause to the District Court by writ of error, and there claimed that the refusal of the justice to require a bill of particulars to change the venue, and admitting the plaintiff's book, without first laying a foundation therefor, were severally erroneous, and the District Court so held, and reversed the judgment, remanded the same and fixed the day for a rehearing between the parties. The plaintiffs in turn claim that this was error.

*First.* We remark that the proceedings do not show that the plaintiffs offered or attempted to offer the book of accounts as evidence in the case. There could not, therefore, be any necessity to lay a foundation for its introduction. The plaintiffs themselves were competent witnesses. They simply testified to the correctness of their account as charged in their books, and that the same was due and unpaid.

*Second.* On the subject of a change of venue from one justice to another, section 3875 says either party, before

1. CHANGE OF VENUE: justice's court.

the trial is commenced, may have a change of venue, &c. In this case the record shows that the application was made after the commencement of the trial. It was not error, therefore, to refuse the same.

*Third.* As to the assignment that the court erred in reversing the action of the justice in not requiring a bill

2. PRACTICE: justice's court: bill of particulars.

of particulars of plaintiffs' account when demanded; we reply, first, that such is the established statutory practice in the District Court. § 2918 of the Revision. Section 3858 provides that the procedure prescribed for the District Court, so far as the same is applicable, shall be observed in a justice's court.

To our minds there is a fitness and propriety, where the plaintiff's demand consists of various items, that he should furnish the defendant with a bill of particulars if the same is called for and insisted upon, or name the items so that the justice could enter them on his docket.

Not only that the defendant may be more particularly apprised for just what he is sued, but that he may thereby guard against a subsequent action for some or all of the same items of account. That the plaintiffs in this case had their book of accounts present for inspection, does not fully meet the reason or necessity of the requirement; for we can hardly suppose that it was their purpose to leave on file in the justice's office permanently such book of accounts, without which one and perhaps the chief reason of the rule would not be answered, namely, of preserving more fully the evidence of the whole cause of action, to the end that a future recovery may not be had for some part of the same. We do not perceive why the rule and the reason therefor do not exist with equal force in both courts.

If so, then it follows that it will not do for us to say that the District Court erred in holding the justice to the observance of the rule.

Affirmed.