[No. 1943. Decided January 30, 1896.]

THE CITY OF PUYALLUP, *Appellant*, v. M. V. SNYDER, *Respondent.*

CHANGE OF VENUE — FROM POLICE JUSTICE TO JUSTICE OF THE PEACE.

A change of venue will lie under the statutes of this state, from a police justice of a city of the third class to the next nearest justice of the peace in the same county.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge. Affirmed.

*Arthur C. Dresbach*, for appellant.

*Charles E. Claypool, Francis W. Cushman*, and *E. E. Cushman*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellant is a city of the third class organized and existing under the provisions of the act of March 27, 1890. It instituted proceedings before the police justice of said city charging the respondent with the sale of intoxicating liquor contrary to the provisions of its ordinance upon the subject. Said ordinance provides a fine not to exceed ninety-nine dollars as a penalty for its violation. The respondent upon being arraigned before said police justice, duly presented an affidavit and a request for a change of venue. It is conceded that said affidavit

was sufficient in form and substance. His application
for a change of venue having been denied, he was
found guilty and fined thirty dollars and costs by said
police justice.   Thereafter a writ of certiorari was is-
sued from the superior court of Pierce county requir-
ing such justice to certify and send thereto a transcript
of the proceedings, and subsequently said superior
court set aside the judgment of said police justice,
upon the ground that said justice erred in refusing to
grant respondent's application for a change of venue.
From the judgment and order of the superior court
vacating and setting aside said conviction the case is
brought here upon appeal.   In the present condition
of the record, we are called upon to determine a single
question.   It is whether a change of venue lies from a
police justice of a city of the third class in this state
to a justice of the peace within said town or city.
We think that the right exists.   Section 1468, Code
Proc., is as follows:

" If, previous to the commencement of any trial be-
fore a justice of the peace, the defendant, his attorney
or agent, shall make and file with the justice an affi-
davit that the deponent believes that the defendant
cannot have an impartial trial before such justice, it
shall be the duty of the justice to forthwith transmit
all papers and documents belonging to the case to
the next nearest justice of the peace in the same
county, . . ."

and §25, Code Proc., confers upon justices of the
peace "jurisdiction over all criminal cases coming
under any city or town ordinance."

Section 657, Gen. Stat., being §138, of the act of
March 27, 1890, relating to charters of cities of the
third class in this state, and providing for the election
in such cities of a police justice, contains this pro-
vision:

"All civil or criminal proceedings before such justice of the peace, under and by authority of this chapter, shall be governed and regulated by the general laws of the state relating to justices of the peace and to their practices and jurisdiction, and shall be subject to review in the court of the proper county by *certiorari* or appeal, the same as in other cases. All officers elected by the council are subject to removal by that body at any time, . . . ."

We think it quite clear from a consideration of the foregoing provisions of the statute, that, in a proceeding before a police justice for a violation of a city ordinance, the party charged is entitled to a change of venue as a matter of right, upon making the affidavit contemplated by § 1468, *supra*. Our conclusion, therefore, is that the superior court did not err in vacating and setting aside the judgment of conviction entered by the police justice of respondent city, and the judgment and order appealed from will be affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.