### THE COLUMBUS JUNCTION TELEPHONE COMPANY v. D. W. OVERHOLT, Appellant.

**Justices of the peace:** CHANGE OF VENUE: WAIVER OF ERROR. It is error for a justice·to grant a change of venue after the determination of a motion to strike from the answer and to make it more specific, as the same constitutes a commencement of the trial within the meaning of Code, section 4502; and the error is not waived by proceeding to trial.

*Appeal from Louisa District Court.*— HON. JAMES D. SMYTH, Judge.

SATURDAY, FEBRUARY 11, 1905.

APPEAL from a judgment determining that a change of venue from one justice of the peace to another was improperly granted.— *Affirmed.*

*C. A. Carpenter,* for appellant.

*Molsberry & Johnson,* for appellee.

SHERWIN, C. J.— This suit was commenced before a justice of the peace, and on the return day the defendant appeared and filed an answer. A motion to strike from the answer and to make it more specific was thereupon filed by the plaintiff, and was sustained. The defendant then filed a substituted answer, and immediately thereafter a motion for a change of venue, which was sustained, and the case was sent to the next nearest justice, where a trial was had and a judgment rendered for the defendant.

The controlling question is whether the change was rightly granted, and its solution depends on the construction of section 4502 of the Code, which provides that " either party, before the trial is commenced, may have the place of trial changed," etc.; and the ultimate question is, was the trial commenced, within the meaning of the statute, when the issue of law raised by the motion to the answer was heard and determined by the court? We think the question must be answered affirmatively. Section 3649 of the Code defines a trial as the " judicial examination of the issues in an action, whether they be issues of law or of fact." And this means a judicial examination of an issue of law raised by a demurrer or plea. *Mathews v. Clayton County,* 79 Iowa, 510. Indeed, the statute (Code, section 3647) says that an issue arises in the pleadings where a conclusion of law is maintained by one party and controverted by the

other, and motions and demurrers are defined as pleadings by section 3557 of the Code. It is therefore very apparent that the hearing of the motion assailing the answer was a commencement of the trial within the meaning of the statute. This was directly held under a similar statute in *McKenney & Delashmutt v. Hopkins,* 20 Iowa, 495. Nor is the rule inconsistent with the cases of *Lyne v. Hoyle,* 2 G. Greene, 135, and *Marshall and McKee v. Kinney,* 1 Iowa, 580. The first of these cases was decided under a statute which permitted a change of venue upon an application filed before the trial was submitted to the justice. The application was made after a continuance but before the trial of any issue, and was refused, and the ruling was held to be error. In the *Marshall Case* there had been a trial to a jury and a disagreement, and it was held that an application for a change of venue, made before another trial was commenced, was in time. The contention that a distinct and separate trial was had and completed when the justice heard and ruled on the motion can hardly be sustained. The trial before that justice was, of course, ended when he granted the change of venue. Had there been no change granted, however, the hearing had on the motion would have been a part of the trial of the entire issue between the parties. Error in granting a change of venue is not waived by going to trial. *McCracken v. Webb,* 36 Iowa, 553; *Jones v. C. & N. W. Ry. Co.,* 36 Iowa, 68.

The judgment is *affirmed.*