[No. 8529.   Department Two.   September 24, 1910.]

THE STATE OF WASHINGTON, *on the Relation of J. S. Hall,*
*Respondent,* v. E. F. WICKER, *as Police Justice of*
*Kalama, Washington, Appellant.*[1]

JUSTICE OF PEACE—JURISDICTION—MUNICIPAL CORPORATIONS — VIO-
LATION OF ORDINANCES—STATUTES—AMENDMENT.   The amendment of
Bal. Code, § 4683, which conferred upon justices of the peace juris-
diction in all criminal causes arising under any city or town ordi-
nance, by Rem. & Bal. Code, § 46, which omitted the reference to
city ordinances and provided that justices shall have jurisdiction of
all misdemeanors, does not deprive justices in towns of the fourth
class of jurisdiction in causes arising under a town ordinance, in
view of the intent of the amending act to merely enlarge the juris-
diction, and of Rem. & Bal. Code, § 7735½, providing that the viola-
tion of any ordinance of a town of the fourth class shall be a mis-
demeanor.

JUSTICE OF PEACE—VENUE—CHANGE OF VENUE—POLICE COURT—
MUNICIPAL CORPORATIONS—ORDINANCES—VIOLATION.   A change of
venue lies from a police justice to a justice of the peace, in prose-
cutions for the violation of a town ordinance, under Rem. & Bal.
Code, § 1774, granting the right to a change of venue in justice court,
and § 7748, providing that a police justice in towns of the fourth
class shall be governed by the general laws relating to justices of
the peace.

Appeal from an order of the superior court for Cowlitz
county, McCredie, J., entered September 7, 1909, granting
a change of venue in a prosecution for the violation of a city
ordinance, upon reviewing on certiorari an order of a police
justice denying defendant's motion therefor.   Affirmed.

*W. G. Drowley* and *Robert E. Tunstall,* for appellant.
*John F. Dufur* and *Homer Kirby,* for respondent.

CROW, J.—On July 10, 1909, a criminal prosecution was
instituted before E. F. Wicker, police justice of Kalama, a
city of the fourth class, charging J. S. Hall with the viola-
tion of a city ordinance.   Upon arraignment the defendant

[1]Reported in 110 Pac. 992.

filed his motion for a change of venue, supported by affidavit. The motion was denied, and the police justice, against the defendant's protest and without further appearance by him, admitted evidence, adjudged him guilty, and imposed a fine. Thereupon he applied to the superior court of Cowlitz county for a writ of certiorari to review the order refusing the change of venue. A writ was issued, and upon final hearing an order was entered remanding the cause with directions to grant the change of venue. From this order, the police justice, as defendant in the certiorari proceeding, has appealed.

Objections of the appellant to the form of the application for the writ are so technical and devoid of merit that we will not discuss them in this opinion. Was the respondent entitled to an order granting a change of venue? This identical question was answered in the affirmative in *Puyallup v. Snider*, 13 Wash. 572, 43 Pac. 635. The decision in that case was predicated in part upon Hill's Code, § 25 (Bal. Code, § 4683), which conferred upon justices of the peace jurisdiction in all criminal causes arising under any city or town ordinance. The section was amended in 1901, but the affirmative delegation of the jurisdiction mentioned was continued therein. It was further amended, Laws of 1909, page 377, ch. 98 (Rem. & Bal. Code, § 46), and now reads as follows:

"Justices of the peace shall have jurisdiction concurrent with the superior courts of all misdemeanors and gross misdemeanors committed in or which may be tried in their respective counties: *Provided*, That justices of the peace in cities of the first class shall in no event impose greater punishment than a fine of five hundred dollars, or imprisonment in the county jail for six months; and justices of the peace other than those elected in cities of the first class shall in no event impose greater punishment than a fine of one hundred dollars, or imprisonment in the county jail for thirty days."

Appellant insists that the omission of the words contained in the former section now deprives justices of the peace of

jurisdiction over criminal causes arising under any city or town ordinance, and that no change of venue can now be obtained from a police justice to a justice of the peace. Section 1774, Rem. & Bal. Code, granting the right to a change of venue, and § 7748, Rem. & Bal. Code, relating to the courts of police justices in cities of the fourth class, and providing that all civil or criminal proceedings therein shall be governed and regulated by general laws of the state relating to justices of the peace, are the other sections upon which the opinion in *Puyallup v. Snider, supra,* was predicated, and are still in force. Did the amendment of Bal. Code, § 4683, by the act of 1909 (Rem. & Bal. Code, § 46), deprive justices of the peace of jurisdiction in criminal causes arising under city or town ordinances? It is evident that the amendment was adopted for the purpose of increasing the penalties that may be imposed in criminal cases by justices of the peace in cities of the first class. The section as it now reads directs that justices of the peace shall have jurisdiction of misdemeanors. Section 7735½, Rem. & Bal. Code, provides that the violation of any ordinance of a town of the fourth class shall be a misdemeanor, and may be prosecuted in the name of the state, the identical form in which the prosecution herein is being conducted against the respondent Hall. *State v. Fountain,* 14 Wash. 236, 44 Pac. 270. Notwithstanding the change in Bal. Code, § 4683, made by the act of 1909, we hold that, under §7735½, Rem. & Bal. Code, a justice of the peace still has jurisdiction over criminal prosecutions for the violation of city ordinances, and that the rule announced in *Puyallup v. Snider* is controlling in this action.

The judgment is affirmed.

Rudkin, C. J., Parker, Dunbar, and Mount, JJ., concur.