[No. 12508.   Department Two.   June 30, 1915.]

THE STATE OF WASHINGTON, *on the Relation of R. A. Lathrop, as Prosecuting Attorney for Mason County, Plaintiff,* v. JACOB HAUPTLY, *as Justice of the Peace of No. 2 Shelton Precinct, Respondent.*[1]

CONSTITUTIONAL LAW—CLASS LEGISLATION — VENUE — CHANGE — BIAS OF JUSTICE. Rem. & Bal. Code, § 1774, providing that defendant, upon filing an affidavit of prejudice before the justice of the peace before whom the action was instituted, has the right to a change of venue to the next nearest justice, is not unconstitutional as class legislation in that the state in a criminal action as the other party thereto, is not given the same right.

Appeal from a judgment of the superior court for Mason county, Mitchell, J., entered October 16, 1914, dismissing an application for a writ of review, upon sustaining a demurrer to the petition.   Affirmed.

*R. A. Lathrop,* for appellant.

*D. F. Wright,* for respondent.


MAIN, J.—On April 21, 1914, the prosecuting attorney for Mason county filed a complaint before F. J. Emery, a justice of the peace for Shelton precinct No. 1, charging one Karl Rose with the crime of assault. On April 22, 1914, the defendant was arraigned, and entered a plea of not guilty. The cause was set for trial on the 25th day of that month. On the latter day, and previous to the commencement of the trial, the defendant moved for a change of venue, and supported his motion by an affidavit of prejudice. The cause was thereupon, by the justice of the peace for precinct No. 1, transferred to Jacob Hauptly, justice of the peace for Shelton precinct No. 2, he being the next nearest justice of the peace within the county. The latter justice set the case for trial on April 25, at 1 o'clock p. m. At the time set

[1]Reported in 149 Pac. 705.

for the trial, the prosecuting attorney appeared and requested that the case be returned to the justice of the peace for precinct No. 1, and supported a motion for a change of venue by an affidavit of prejudice. The justice of the peace for precinct No. 2 declined to transfer the case. Thereupon the prosecuting attorney refused to proceed further, and a judgment was entered dismissing the action. On April 28, 1914, the prosecuting attorney filed in the superior court an application for a writ of review, claiming that the justice of the peace for precinct No. 2 had acted without jurisdiction in the matter. On May 4, 1914, the superior court issued the writ as prayed for. Thereafter and on May 20, the respondent demurred to the petition for the writ of review. On October 16, 1914, this demurrer was sustained. The relator elected to stand upon his petition, and the cause was by the court dismissed. From the judgment of dismissal, the relator appeals.

The sole contention upon this appeal is that Rem. & Bal. Code, § 1774 (P. C. 287 § 471), which gives the defendant, upon the filing of an affidavit that he believes that he cannot have a fair trial before the justice of the peace before whom the action was instituted, the right to have the case transferred to the next nearest justice of the peace in the same county, is unconstitutional. The basis of this contention is that the right of transfer is not equally extended to both parties to the litigation, and, therefore, offends against § 12 of art. 1 of the state constitution, which provides that no law shall be passed granting to any citizen or class of citizens, other than municipal corporations, privileges or immunities which upon the same terms shall not equally belong to all citizens. We think a sufficient answer to the appellant's contention is found in the fact that the state was a party plaintiff to the action which was transferred from one justice of the peace to the other. The state speaks through its legislature. The legislature having provided that the defendant was entitled to a change of venue without extending the same

right to the plaintiff, the state is not in a position to complain when it is a party to the action against which the right given by the statute is invoked. Speaking upon this question, the supreme court of the state of California, in *People ex rel. Smith v. Judge of the Twelfth District*, 17 Cal. 548, said:

"But another ground might be taken, even if this general view is erroneous. The state is the party prosecuting upon the record. The state is represented by the legislature, not only in respect to its prosecutions, but its general business, property, and litigation. It can order prosecutions, suits and informations, and it can release, discharge and discontinue them. By the act and orders of the legislature, the district attorneys appear to prosecute and are paid. These attorneys are but subordinate representatives of the state, but they are controlled by and are responsible to the legislature, who are the primary and original representatives of the sovereign power. No one doubts that the district attorney could by stipulation consent to this change of venue, why not the legislature—in this respect the superior of the district attorney? The state by her legislature can repeal the law which creates the crime; can it not consent to a place of trial different from that in which the indictment is found? The defendant consents, he does not complain. Why may not, then, the highest authority in the state agree with him to this order?"

The judgment will be affirmed.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.