[No. 14065.   Department Two.   October 16, 1917.]

THE STATE OF WASHINGTON, *on the Relation of John P. Kiggins et al., Appellants,* v. T. S. WOOLSON, *Police Justice of the City of Camas, Clarke County, Respondent.*[1]

COURTS—TRANSFER OF CAUSES—POLICE TO JUSTICE COURT—JURIS-DICTION—STATUTES.  A change of venue will not lie from the police court of a city of the third class to a justice court, when the action is to recover a penalty or fine declared by city ordinance which exceeds $100 in amount; in view of Rem. Code, § 46, expressly limiting the jurisdiction of justices of the peace in criminal cases, except in cities of the first class, to fines of one hundred dollars or imprisonments in the county jail for thirty days, while police judges in cities of the third class have jurisdiction by Rem. Code, § 7671-29, in criminal cases to impose a fine of $300.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered January 8, 1917, dismissing an action for a writ of mandamus to compel a police judge to grant a change of venue in a criminal cause.   Affirmed.

*George O. Davis,* for appellants.

*John D. Currie,* for respondent.

ELLIS, C. J.—This is an action in mandamus to compel respondent, as police judge of the city of Camas, a municipal corporation of the third class in Clarke county, to grant a change of venue to the next nearest justice of the peace in the same county, in an action to recover a penalty of $300 for an alleged violation of a criminal ordinance of that city. Only questions of law being involved, relators moved for judgment on the pleadings.   The motion was denied, and the action was dismissed.   Relators appeal.

The sole question presented is whether or not a change of venue will lie from the police court of a city of the third class to a justice's court, where the action is one to recover a penal-

[1]Reported in 167 Pac. 1088.

ty or fine declared by city ordinance which exceeds $100 in amount.

Appellants assert that the change is accorded as of right by Rem. Code, § 1774. That section, however, applies in terms and, *eo nomine*, to justices of the peace only. It gives as of right a change of venue from one justice of the peace to another. But appellants contend that, because the police judge here involved is also a justice of the peace, the change of venue statute must apply to all cases falling within his jurisdiction in either capacity. In support of this claim, *State v. Hagimori*, 57 Wash. 623, 107 Pac. 855, is cited, but that decision is expressly based upon the closing words of the act of 1901, Laws 1901, chap. 35, pp. 34 and 35, amending the prior law touching the jurisdiction of justices of the peace in criminal cases, and declaring that "the justices of the peace shall have jurisdiction over all criminal cases coming under any city or town ordinance." The prior law, Bal. Code, § 4683, contained a similar provision, but limited the fine in such cases to "any sum not exceeding one hundred dollars." It was, therefore, held that the omitting, by the amendment, of the prior limitation upon the extent of the fine as to cases arising under such ordinances, in view of the fact that cities of the third class have the power to provide a greater punishment than a fine of $100, by necessary implication gave to justices of the peace jurisdiction to assess, in cases arising under such ordinances, the greater penalty imposed by the ordinance.

But the law relating to jurisdiction of justices of the peace in criminal cases was again amended by an act of 1909, which is still in force and is embodied in Rem. Code as § 46. It eliminates the clause found in the prior law giving to justices of the peace jurisdiction over "criminal cases coming under any city or town ordinance," and expressly limits their jurisdiction in criminal cases, except in cities of the first class, by declaring that they "shall in no event impose greater punishment than a fine of one hundred dollars, or imprisonment in

the county jail for thirty days." Obviously under this, the law as it now exists, justices of the peace as such, other than in cities of the first class, have no jurisdiction to impose a fine in any case in excess of $100. The decision in *State v. Hagimori*, being based on a provision deleted by the present statute, no longer declares the law.

Appellants further cite and rely upon *Puyallup v. Snyder*, 13 Wash. 572, 43 Pac. 635. That decision was also based upon the old law giving justices of the peace "jurisdiction over all criminal cases coming under any city or town ordinance," and § 138 of the act of March 27, 1890 (Laws 1890, p. 196), which was embodied in Rem. & Bal. Code, § 7700, which provided for the election in cities of the third class of a police justice, and declared:

"All civil or criminal proceedings before such justice of the peace, under and by authority of this chapter, shall be governed and regulated by the general laws of the state relating to justices of the peace and to their practices and jurisdiction, and shall be subject to review in the court of the proper county by *certiorari* or appeal, the same as in other cases."

Obviously, since the jurisdiction of all justices then included criminal cases arising under ordinances, and since the procedure as to police justices was then governed by the general laws relating to justices of the peace, a change of venue lay from the police justice in such cases to the next nearest justice of the peace in the same county, under the general statute, Rem. Code, § 1774, which was then as now in force. But as we have noted, the present law does not give to justices of the peace, as such, in cities of the third class, jurisdiction in criminal cases arising under ordinances. Moreover, Rem. & Bal. Code, § 7700, was expressly repealed by the act of 1915, Laws 1915, p. 666, § 35 (Rem. Code, § 7671-35), and by the same act, Laws 1915, p. 664, § 29 (Rem. Code, § 7671-29), the police judge in cities of the third class is given,

". . . exclusive jurisdiction over all offenses defined by any ordinance of the city, and all other actions brought to enforce or recover any license, penalty or forfeiture declared or given by any such ordinance, and full power to forfeit bail bonds and issue execution thereon and full power to forfeit cash bail, and full power and authority to hear and determine all causes, civil or criminal, arising under such ordinance, and pronounce judgment in accordance therewith: *Provided*, That for the violation of a criminal ordinance no greater punishment shall be imposed than a fine of three hundred dollars, or imprisonment not to exceed ninety days, or by both such fine and imprisonment. In the trial of actions brought for the violation of any city ordinance, no jury shall be allowed. All civil or criminal proceedings before such police judge and judgments rendered by him shall be subject to review in the superior court of the proper county by writ of review or appeal."

Here, again, the statutory provisions upon which the decision in *Puyallup v. Snyder* was based, being no longer in existence, that decision no longer declares the law.

Finally, since, under the law as it now exists, Rem. Code, § 46, justices of the peace, as such, in cities of the third class have no jurisdiction to impose a fine in any case in excess of $100, and since police justices, as such, have exclusive jurisdiction over offenses defined by ordinance in such cities, and may impose a fine up to $300, there can be no change of venue in such cases. The only remedy is by review in the superior court through writ of review or appeal.

The judgment is affirmed.

HOLCOMB, PARKER, FULLERTON, and MOUNT, JJ., concur.