[No. 22110. Department One. November 12, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Ewing D. Colvin, Petitioner,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Defendants.*[1]

[1]Reported in 282 Pac. 70.

316.

*Ewing D. Colvin,* for relator.

*W. G. Beardslee* and *John F. Garvin,* for respondents.

MILLARD, J.—On June 6, 1929, complaint was filed before John B. Wright, a justice of the peace of Seattle precinct, charging Ed Brown with the crime of having intoxicating liquor in possession with intent to sell. Defendant gave bail and was released from custody pending trial, which was set for June 18, 1929. On that date the defendant's motion for continuance to June 24, 1929, was granted. Second, third and fourth continuances to July 1, 2 and 8, respectively, were granted on defendant's motion. On July 8, 1929, prior to the taking of any testimony or the entry of any plea, the defendant requested another continuance, which was denied. Motion, supported by affidavit, was then made by the defendant for a change of venue upon the ground and for the reason that the justice of the peace was prejudiced against him. The motion was denied, whereupon the defendant petitioned the Honorable Adam Beeler, judge of the superior court for King county, for a writ of mandate directing Justice of the Peace Wright to transfer the case to another justice of the peace in and for Seattle precinct in accordance with Rem. Comp. Stat., § 1774. The justice's return to the order to show cause why the writ should not issue was to the effect that he:

". . . has already exercised discretion in this cause, in granting the above set out continuances, and said Ed Brown, relator and petitioner herein, thereby submitted himself to the jurisdiction of this defendant's court; and this defendant believes that the action on the part of the said Ed Brown is simply to delay

the trial and cripple the court in the administration of justice."

Upon final hearing, an order was entered directing transfer of the case to the nearest justice of the peace in King county. The prosecuting attorney for King county thereupon applied to this court for a writ of certiorari to review the aforesaid order, and an alternative writ was issued and duly served, which is challenged by the demurrer of the respondents. For the sake of clarity, inasmuch as the interested parties are the state of Washington and the respondent Brown, the relator will be designated as "plaintiff" and the respondent will be styled "defendant."

Plaintiff argues that the defendant waived his right to a change of venue when he requested the court to exercise discretion in deciding the question as to whether or not the defendant was entitled to a continuance of his case; and that, in the absence of any statute governing the transfer of criminal actions in justice courts, the procedure in similar cases in the superior courts should apply.

We hold, contrary to the view of the plaintiff, that Rem. Comp. Stat., § 1774, governs the transfer of criminal actions in the justice courts. *State ex rel. Hall v. Wicker,* 60 Wash. 238, 110 Pac. 992; *State ex rel. Lathrop v. Hauptly,* 86 Wash. 199, 149 Pac. 705, L. R. A. 1915F 920; *Puyallup v. Snyder,* 13 Wash. 572, 43 Pac. 635; *State ex rel. Kiggins v. Woolson,* 98 Wash. 505, 167 Pac. 1088. While the original justice of the peace change of venue statute,

"In *any civil action* pending before a justice of the peace, if the defendant shall make and file an affidavit that he believes such justice is so prejudiced against him that he cannot get a fair trial, such justice shall grant a change of trial to the next nearest justice . . ." Laws of 1866-67, p. 88, § 2,

limited the change of venue to *civil actions,* the amendatory statute of 1881, by the language, "Previous to the commencement of *any trial,*" included criminal actions. Without referring thereto, the act of 1866-67, *supra,* was repealed by Laws of 1881, p. 8, § 2, as follows:

"Previous to the commencement of *any trial* before a justice of the peace, the defendant, or his or her agent, may make oath that it is the belief of such deponent that the defendant cannot have an impartial trial before such justice; whereupon it shall be the duty of the justice immediately to transmit all the papers . . . to the next nearest justice of the peace in the same county, . . ."

The language of Rem. Comp. Stat., § 1774, is identical with that of the change of venue section (ch. 135, Code of 1881, § 1938) of the justice practice act of the Code of 1881 and is substantially the same as Laws of 1881, p. 8, § 2. Section 1774, *supra,* reads as follows:

"If, *previous to the commencement of any trial* before a justice of the peace, the defendant, his attorney or agent, shall make and file with the justice an affidavit that the deponent believes that the defendant cannot have an impartial trial before such justice, it shall be the duty of the justice to forthwith transmit all papers . . . to the next nearest justice of the peace in the same county, . . ."

██ Insisting that the motion for a change of venue was timely and sufficient, the defendant contends that the justice of the peace had no discretion in the matter of granting the motion under the clear and mandatory language of the statute. That portion of the statute which we have italicized is stressed by the defendant. He argues that, having filed his motion, supported by affidavit of prejudice, for transfer of the cause "previous to the commencement" of the trial, he complied with the statutory requirements; therefore his right to

the change was absolute and not dependent upon the discretion of the justice of the peace to whom the application for change was made. In support of this theory are *Lyne v. Hoyle,* 2 G. Greene (Iowa) 135; *Marshall & McKee v. Kinney,* 1 Iowa 580; and *Herbert v. Beathard,* 26 Kan. 746.

Does this statute permit the holding in reserve of an application for a change of venue pending the application for a continuance? May the defendant thus impose upon the court and hamper and delay the administration of justice? Four continuances were granted to him, and when the fifth request for continuance was refused, the defendant immediately demanded a change of venue. The affidavit supporting the motion for change of venue is not before us. That the belief that the judge was prejudiced was based upon the denial of the fifth continuance, is patent. We have heretofore held that the prejudice spoken of in change of venue statutes "is a personal prejudice against the litigant or his attorney." *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40. It is manifest that the defendant, whose trial had been delayed for more than a month, wanted further delay, and that the prejudice of which he complains was not "a personal prejudice against" him or his attorney. We are not inclined to sanction any rule that will make the statute an instrument of delay rather than to promote fair and impartial trials.

In *State ex rel. Lefebvre v. Clifford, supra,* the petitioner relied upon the literal wording of a change of venue statute (Laws of 1911, p. 617, § 2) reading as follows:

"Any party to or any attorney appearing in any action or proceeding in a superior court *may establish such prejudice by motion supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such*

*party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: . . .*" Rem. Comp. Stat., § 209-2.

The late chief justice Dunbar, speaking for the court, said:

"The petitioner relies upon the literal wording of the statute, and insists that it is not susceptible of construction. This is undoubtedly true, if he has brought himself within the provisions of the statute as reasonably interpreted. It seems plain that the duty of the judge is single, to transfer the cause when it is established that he is prejudiced against a party to the suit or his attorney. And Section 2 of the act unequivocally provides that such prejudice may be established by affidavit of the party or his attorney. But this means no more than that the affidavit should be taken to be true, or need not be substantiated by proof, and cannot be disputed. *But the spirit and reason of the law must be regarded, and it was the evident intention of the legislature that this objection should be made orderly and in time, to the end that there should be no undue interference with the administration of justice, while at the same time parties litigant should be protected against prejudiced judges. But the prejudice spoken of in the act, as we construe the statute, is a personal prejudice against the litigant or his attorney,* and if the litigant or his attorney believes that such prejudice exists, no matter whether there is any foundation for the belief or not, the writ must be granted under the provisions of the statute; and when the party is haled into court before such a judge, he is privileged under the statute to demand a transfer of the case.

"But in this particular case, it affirmatively appears, by the petition and by the affidavit on which the petition is based, that the belief that the judge was prejudiced was based upon certain rulings made by the court in the case after the jurisdiction of the court attached, after a continuance had been asked for by the petitioner . . . and after orders in the case had been made by the judge. It is true these orders were not made upon the merits of the case; but the

statute does not, by specific provision or by any intendment, limit the right to make the application at any time before the trial on the merits. If literally construed, the right would exist at any time prior to the entering of the judgment. But to place such a construction on the law is to charge the law-making power with an intention to cripple and handicap the courts in their attempted enforcement of the law, to an intolerable extent. Hence the necessity of construction; and construing the law and attempting to ascertain its meaning, we cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.''

The motion for a change of venue was based solely upon the refusal of the justice of the peace to grant a fifth continuance, and not upon the personal prejudice of the justice of the peace against the defendant or his attorney.

Clearly, the defendant made no showing entitling him as of right to a transfer of the cause to another justice of the peace, therefore the superior court erred in entering its order directing such transfer.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.