[No. 44521. En Banc. January 19, 1978.]

THE STATE OF WASHINGTON, *Petitioner*, v. TONY FRANULOVICH, *Respondent*.

*Michael C. Redman, Prosecuting Attorney,* for petitioner.

*G. E. Mullen, Mullen, Angevine & Johnson,* and *Paul N. Luvera, Jr.,* for respondent.

*Ronald L. Hendry* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

ROSELLINI, J.—In this prosecution for violation of fishing regulations, the prosecuting attorney filed an affidavit of prejudice, which read:

> MICHAEL C. REDMAN, being first duly sworn, on oath deposes and states: I am the Prosecuting Attorney of San Juan County and am appearing in this action. I believe that the nature of this action is such as to create a prejudice against the party I represent, in the mind of the Honorable Howard A. Patrick, Judge of the Superior Court for the Island–San Juan Judicial District, and believe that my client cannot receive a fair and impartial trial *in this action.* I execute this affidavit for the purpose of obtaining transfer of the hearing of this cause to another judge, notwithstanding my respect for the Honorable Howard A. Patrick, because I believe my duty to my client requires the same.

Although the motion was timely, the court granted the defendant's motion to quash the affidavit, after a hearing upon the matter. The ruling was based upon the judge's conclusion that he was not prejudiced within the meaning of RCW 4.12.040 and .050. Insofar as relevant to this review, these statutes provide:

No judge of a superior court . . . shall sit to hear or try any action or proceeding when it shall be established as hereinafter provided that said judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause.

RCW 4.12.040.

Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge . . .

RCW 4.12.050.

■ This court has adhered to the rule which was recently restated in *State v. Dixon*, 74 Wn.2d 700, 702, 446 P.2d 329 (1968):

Under [the] statutes and under our decisions a party litigant is entitled, as a matter of right, to a change of judges upon the timely filing of a motion and affidavit of prejudice against a judge about to hear his cause or any substantial portion thereof on the merits. Such a motion and affidavit seasonably filed presents no question of fact or discretion. Prejudice is deemed to be established by the affidavit and the judge to whom it is directed is divested of authority to proceed further into the merits of the action. The moving party, however, is entitled to but one change of judges. He cannot thereafter file successive affidavits and obtain any additional change of judges. *State ex rel. Sheehan v. Reynolds*, 111 Wash. 281, 190 Pac. 321 (1920).

(Citations omitted.)

The respondent argues in support of the court's refusal to grant a change of judges, that the affidavit was based upon a belief that the judge was prejudiced not against the State or the prosecutor personally, but against the State's case.

It appears that the judge had made a statement in a previous prosecution indicating that his mind was made up with respect to the validity of the regulations under which

the respondent was prosecuted. The petitioner does not deny that this statement influenced the filing of the affidavit. The affidavit on its face does not reveal the basis of the prosecutor's belief that his client could not receive a fair trial, but it does indicate that the alleged prejudice is not a general one but exists with respect to the instant case. The respondent contends that for this reason the affidavit was defective, and the judge was entitled to pass upon the merits of the allegation of prejudice.

In advancing his theory that the only prejudice which will disqualify a judge is a personal prejudice of a continuing nature (one that would be present in every case to which the affiant was a party or acted as an attorney), the respondent cites *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 P. 40 (1911), and *State ex rel. Colvin v. Superior Court,* 154 Wash. 315, 282 P. 70 (1929). One of these cases involved an investigation into the welfare of a child and the other was a prosecution in justice court for possession of intoxicating liquor. In each of the cases, the party seeking a change of judge had filed his affidavit after seeking affirmative relief from the court, by way of motions for change of venue. This court held that the affidavits were not timely filed and said:

> [A party] is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.

*State ex rel. Lefebvre v. Clifford, supra* at 316.

In each of these cases, upon the record, it was apparent that the affidavit was made for purposes of delay and in response to unfavorable rulings on motions for continuance.

In the course of the opinion in *State ex rel. Lefebvre v. Clifford, supra,* which was quoted at length in *State ex rel. Colvin v. Superior Court, supra,* the court remarked that the prejudice spoken of in the statute is a personal prejudice. The language interpreted in *State ex rel. Lefebvre v. Clifford, supra,* in Laws of 1911, ch. 121, §§ 1–2, p. 617, was

the same as that presently contained in RCW 4.12.040–.050. It differs from the provision of RCW 3.20.100 (then Rem. Comp. Stat. § 1774) which was before the court in *State ex rel. Colvin v. Superior Court, supra,* in that it describes the types of prejudice upon which an affidavit can be based, as prejudice "against any party or attorney, or the interest of any party or attorney appearing in such cause." It is apparent that in neither of these cases did the court take note of the phrase "or the interest of any party or attorney appearing in such cause." This is explainable by the fact that in neither case was the court called upon to interpret that phrase or to give it effect. The only question in both cases was whether a party can submit to the jurisdiction of the court and then file an affidavit as a means of protesting a ruling.

We have since recognized in *In re Borchert,* 57 Wn.2d 719, 722, 359 P.2d 789 (1961), that a party has a right to a change of judges if the judge is biased or prejudiced against his cause. Such bias exists, we said, when the judge has a "preconceived adverse opinion with reference to it, without just grounds or before sufficient knowledge."

If, as the respondent contends, only personal prejudice is assertible in an affidavit, the words "or the interest of any party or attorney appearing in such cause" must be read out of the statute. The interest of a party with respect to a particular action necessarily involves the rights which he asserts and the duties or sanctions which he seeks to impose. In a criminal action such as this, the State's interest is in imposing the penalties prescribed by law. If a judge is in fact prejudiced against a law—that is, unwilling to presume its constitutionality and to listen to and give unbiased consideration to arguments upholding it—he is prejudiced against the State's interest.

Of course, as we said in *In re Borchert, supra,* prejudice of a judge is never presumed. On the contrary, it is presumed that he will keep an open mind and do his duty according to the law. But the statutes allow a party to conclude otherwise in a given case and, provided he acts

timely, to secure a change of judges if he asserts by affidavit signed by him or his attorney his belief that such prejudice exists and that, as a consequence of it, he cannot obtain a fair trial.

It is true that RCW 4.12.050 makes no express reference to the clause in RCW 4.12.040 disqualifying a judge who is prejudiced against the interest of a party or attorney. According to its provisions, prejudice is established by an affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that the party or attorney cannot, or believes he cannot, have a fair and impartial trial before such judge. It was evidently the legislative understanding that an allegation of prejudice against a party is broad enough to include prejudice against the party's interest. In any event, this is all that he needs to allege in order to secure a change of judge. If he alleges more, that fact does not invalidate his affidavit, provided his allegations do not affirmatively show that no prejudice in fact exists.

It is true that as the respondents point out, the adverse rulings of a prejudicial judge can be reviewed on appeal. And, in a case tried to a jury a judge acts, for the most part, through his rulings. His attitude may have some subtle influence upon the jury, but it is a judge's rulings which a party claiming prejudice fears. Obviously, the legislature has seen fit to provide that in each case, a party or attorney may have one opportunity to attempt to forestall adverse rulings which he fears will spring from a prejudicial mind, provided he acts promptly and provided he is willing to make the affidavit required.

Since the prosecutor in the affidavit here alleged the attorney's belief that the judge was prejudiced against his client and that the client could not have a fair trial in the action, and since it was timely filed, and since it did not show upon its face that the allegation was unfounded, the superior court judge had no discretion to pass upon its merits and was obliged to grant a change of judges.

The order is reversed and the cause remanded for further proceedings consonant herewith.

WRIGHT, C.J., HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., and RYAN, J. Pro Tem., concur.