[No. 52543–9. En Banc. December 4, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS C. HANSEN, *Petitioner.*

*Lewis B. Arnold,* for petitioner.

*Allen C. Nielson, Prosecuting Attorney,* for respondent.

GOODLOE, J.—Petitioner appeals from a denial of his motion for a change of trial judge pursuant to RCW 4.12-.040 and .050. The Court of Appeals affirmed the denial, concluding that to allow a change of *judge* under the circumstances—where the affidavit of prejudice had been filed immediately before trial for the admitted sole purpose of postponing the trial—would lead to an absurd result. *State v. Hansen,* 42 Wn. App. 755, 759–60, 714 P.2d 309 (1986); *see Marine Power & Equip. Co. v. Department of Transp.,* 102 Wn.2d 457, 465, 687 P.2d 202 (1984). We too affirm the denial but on different grounds.

The facts in this case are straightforward. On July 19, 1983, the Ferry County Prosecutor filed an information accusing petitioner Dennis Hansen of manufacturing a controlled substance (marijuana). In early September, an omnibus hearing was scheduled for September 20 (later continued to September 27), and trial was tentatively set for October 18, 1983. At the time, Ferry, Stevens, and Pend Oreille Counties shared two Superior Court Judges, the Honorable Sidney Buckley and the Honorable Larry Kristianson.

The omnibus hearing was never held due to absence of petitioner and his counsel. At the commencement of trial on October 18, 1983, minutes before selecting a jury, Hansen's attorney filed an affidavit of prejudice against Judge Buckley. He volunteered that his actual purpose in filing the affidavit was to obtain a continuance and restore the omnibus hearing.

After expressing reservations as to whether the affidavit was timely submitted, Judge Buckley offered to trade places with Judge Kristianson so that the matter could proceed on schedule. However, petitioner's counsel rejected

the offer. The following exchange is critical:

THE COURT: . . . As a matter of fact if you would rather have Judge Kristianson try the case, as far as I am concerned I will switch with Judge Kristianson and he can come up and try it, so that isn't a problem. It isn't who is going to try it, it's just to keep these things moving, so if you wish to have a suppression hearing tomorrow, I will trade places with him on a case again in Colville so we can switch and you can have him on both of them. I have no problem with that.

[PETITIONER'S COUNSEL]: I would just like ample opportunity to prepare briefs prior to taking testimony on suppression. I would like to drop back and have an omnibus.

Report of Proceedings (Suppression Hearing), at 30–31.

The trial court subsequently denied the change of judge motion offering, among various reasons, the need to keep dockets moving, counsel's unwarranted delay in filing, and the improper purpose of the request. The case then proceeded to jury trial, with Judge Buckley presiding, where petitioner was convicted. The Court of Appeals affirmed in a split decision. *State v. Hansen, supra.* This court granted Hansen's petition for review.

RCW 4.12.040 gives any party in a superior court proceeding the right to one change of judge if the party files a timely affidavit of prejudice under RCW 4.12.050. *Marine Power,* at 459; *State v. Cockrell,* 102 Wn.2d 561, 567, 687 P.2d 32 (1984). This court has often stressed the mandatory, nondiscretionary nature of this rule. *See Marine Power,* at 461; *State v. Dixon,* 74 Wn.2d 700, 702, 446 P.2d 329 (1968); *State ex rel. Mauerman v. Superior Court,* 44 Wn.2d 828, 830, 271 P.2d 435 (1954); *State ex rel. Nissen v. Superior Court,* 122 Wash. 407, 411, 210 P. 674 (1922). Most recently, this court held that a party who complies with the requirements of RCW 4.12.050 is entitled to a change of judge absent a showing of extraordinary circumstances which would make literal application of the statute lead to an absurd result. *Marine Power,* at 465.

It is undisputed that the only relevant timeliness re-

quirement of RCW 4.12.050 is satisfied here; the affidavit of prejudice was filed before Judge Buckley made any discretionary ruling.[1] Nevertheless, the Court of Appeals relied on the absurd result language in *Marine Power* to hold that the trial court properly denied Hansen's motion for change of judge. *Hansen,* at 759–60. We find it unnecessary to address the question of whether the results of this case would be so absurd as to justify departing from the statute. We affirm the Court of Appeals on the ground that petitioner waived his right to a change of judge when he rejected Judge Buckley's offer to trade places with Judge Kristianson.

RCW 4.12.040 provides that, when prejudice has been established by motion and supporting affidavit, "the presiding judge . . . shall forthwith transfer the action to another department of the same court, or call in a judge from some other court." The statute thus imposes a singular duty: Upon proper filing of an affidavit of prejudice, the judge must reassign the case. *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 314–15, 118 P. 40 (1911); *accord, State ex rel. Colvin v. Superior Court,* 154 Wash. 315, 320, 282 P. 70 (1929).

In the present case, Judge Buckley complied with this statutory duty. By offering to reassign the case, Judge Buckley indicated his willingness to grant the change of judge motion. Had petitioner accepted the offer, he would have had another judge. Instead, his attorney chose to pursue a continuance. Petitioner cannot now assert his right to a change of judge having thus knowingly and voluntarily surrendered such right. *See Bowman v. Webster,* 44 Wn.2d 667, 669–70, 269 P.2d 960 (1954). Accordingly, we hold that the trial court acted properly in denying the change of judge motion following waiver by petitioner. That the trial court gave different reasons for the denial does not prevent this court from upholding an otherwise correct ruling. *See*

---

[1] Since Ferry County is not a 1–judge county, the statute's only other timeliness requirement does not apply. *See State v. Cockrell, supra.*

*Ertman v. Olympia,* 95 Wn.2d 105, 108, 621 P.2d 724 (1980). The Court of Appeals is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.