[No. 7433-1-III.  Division Three.  December 17, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. SEGUNDO
GUAJARDO, *Appellant.*

*Steven Aycock,* for appellant (appointed counsel for appeal).

*Dennis DeFelice, Prosecuting Attorney,* and *Steven Lowe, Deputy,* for respondent.

THOMPSON, A.C.J.—Segundo Guajardo appeals his conviction of first degree robbery, contending: (1) his speedy trial rights were violated; (2) the court erred in ruling his affidavit of prejudice untimely; (3) the court erred in admitting evidence concerning drug use; (4) he was prejudiced by ineffective assistance of counsel; and (5) cumulative error rendered the trial invalid. We reverse.

At approximately 10:25 p.m., on July 6, 1985, Taco John's restaurant in Pasco was the scene of an armed robbery. According to two employees at Taco John's, a dark

complexioned man wearing western clothes entered the restaurant, talked to the employees briefly, and then displayed a gun. He told one of the employees to lie on the floor and the other to open the cash register. After the man fled with approximately $185, the employees called the police. Two witnesses reported observing an employee with her hands in the air and a man running from the restaurant. The witnesses saw the fleeing man jump into a car and leave the scene. The witnesses gave the police the car's license number. That evening, Pasco police officers viewed a videotape taken at the restaurant during the robbery. Officers Raymond and Nelson recognized the suspect as Segundo Guajardo. None of the other officers or witnesses were able to positively identify this defendant.

The following day, an automobile bearing the license plate numbers reported by the witnesses was found. The owner was Mr. Guajardo's cousin, Rudolfo. Later that evening, Mr. Guajardo was apprehended and arrested for first degree robbery. A jury found Mr. Guajardo guilty of first degree robbery after which he was sentenced to 48 months in prison. He appeals.

Mr. Guajardo first contends his CrR 3.3 right to speedy trial was violated. CrR 3.3(c)(1) requires that a defendant who is not released from jail pending trial must be tried not later than 60 days after arraignment. Mr. Guajardo's trial date was originally set for September 4, 1985, which was within the 60–day rule. Defense counsel was suspended from the practice of law for 30 days, and a hearing was held September 3 before Superior Court Judge Albert Yencopal. Mr. Guajardo was given two options: (1) proceed with substitute counsel, which would probably involve a 2–week continuance for trial preparation; or (2) waive his speedy trial rights until the following month when defense counsel could resume the practice of law. After conferring with substitute counsel, Mr. Guajardo refused to waive his speedy trial rights, but stated that if his case was continued, he would prefer original counsel. The court, finding good cause for a continuance, set the trial for October 9,

but directed weekly extension hearings. On September 10, Superior Court Judge Fred Staples reviewed the September 3 ruling and confirmed the October 9 trial date, but, relying on CrR 3.3(h), concluded weekly extensions were not necessary.

CrR 3.3(d)(8) allows 5–day extensions of time if a trial cannot begin on the date set because of "unavoidable or unforeseen circumstances beyond the control of the court or the parties . . ." Further extensions in increments of 5 days are permissible if the nature of the unforeseen or unavoidable circumstance continues. CrR 3.3(h)(2) provides that, upon motion of the State, the court, or a party, continuance may be granted when "required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of the defense".

■ Under the facts of this case, the provisions of both rules were satisfied. The suspension of the defense attorney was not only an unavoidable or unforeseen circumstance beyond the control of the court or parties, but it also necessitated a postponement of trial in the administration of justice. Moreover, the record contains a thorough examination and balancing by the trial court of possible prejudice under any of the available options. *See, e.g., State v. Guloy,* 104 Wn.2d 412, 428, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986); *State v. Eaves,* 39 Wn. App. 16, 20–21, 691 P.2d 245 (1984). Regardless of whether the delay was brought as a CrR 3.3(d)(8) extension, or CrR 3.3(h)(2) continuance, no abuse of discretion is apparent on the part of either judge. *See, e.g., State v. Greene,* 49 Wn. App. 49, 56, 742 P.2d 152 (1987).[1]

The next issue is whether the trial court erred in ruling the affidavit of prejudice untimely. On October 9, 1985, defense counsel brought a pretrial motion for a change of

---

[1] As a practical matter, continuance under CrR 3.3(h)(2) was a more appropriate basis, however, since incremental 5–day extensions to examine the continuing nature of unavoidable circumstances would be patently unnecessary where the date of the attorney's reinstatement could be reasonably anticipated.

trial judge pursuant to RCW 4.12.040 and .050, citing what the defendant perceived to be friction that had developed between the defendant and Judge Staples. The motion was denied as untimely since Judge Staples ruled he had exercised discretion during the September 10 hearing.

RCW 4.12.040 is a mandatory, nondiscretionary rule allowing a party in a superior court proceeding the right to one change of judge upon the timely filing of an affidavit of prejudice under RCW 4.12.050. *State v. Hansen,* 107 Wn.2d 331, 333, 728 P.2d 593 (1986); *Marine Power & Equip. Co. v. Department of Transp.,* 102 Wn.2d 457, 461, 687 P.2d 202 (1984). The affidavit must be filed before the trial court makes any discretionary ruling, however. *State v. Hansen, supra* at 334; *In re Estate of Shaughnessy,* 104 Wn.2d 89, 92, 702 P.2d 132 (1985); *Marine Power,* at 460–61; *State v. Dixon,* 74 Wn.2d 700, 702–03, 446 P.2d 329 (1968); *State v. Hightower,* 36 Wn. App. 536, 547, 676 P.2d 1016 (1984). Grant or denial of a continuance is a discretionary ruling because the court must consider various factors, such as diligence, materiality, due process, a need for an orderly procedure, and the possible impact of the result on the trial. 12 R. Ferguson, Wash. Prac., *Criminal Practice and Procedure* § 1212, at 236 (1984); *State v. Eller,* 84 Wn.2d 90, 95, 524 P.2d 242 (1974); *see also State v. Campbell,* 103 Wn.2d 1, 14, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094 (1985).

The September 10 hearing was entitled "Motion for Continuance" and was held because of the earlier decision that the continuance should be reviewed weekly, presumably to satisfy the requirements of CrR 3.3(d)(8). However, at the September 10 hearing, after a brief skirmish with Mr. Guajardo, regarding unacceptable dress, Judge Staples declined to rule on cause for continuance. The record contains the following colloquy:

> Ms. CAMERON: It has to be every week, Your Honor, under the court rule for a finding of good cause by the trial court.

THE COURT: Well, if he's already found it and he's already ruled until October the 9th, that's it.

Ms. CAMERON: It's a tentative trial date. It is continued every week.

THE COURT: That's totally unsatisfactory. This gentleman is going to get us into a box where we are going to have to dismiss his case because he wants to have his cake and eat it, too.

THE DEFENDANT: Hey, Your Honor, it wasn't my choice of this.

THE COURT: I didn't ask you to say anything.

Ms. CAMERON: We'll be prepared to try it next week, Your Honor.

THE COURT: All right. Miss Knox is appointed to take over the defense and it's going to be set for trial next Wednesday.

Ms. KNOX: Could I address the Court?

. . .

THE COURT: I have no objection to a continuance if he requests it and if you request it. And I'm not going to sit here and let this case go from week to week to week on the basis it's apparently been going. I don't believe that complies with the rules at all. Judge Yencopal made a ruling that this case is going to be set for October the 9th and that's what we'll live with if he wants to have [the original defense counsel] for a lawyer.

. . .

Ms. CAMERON: I'll try it next week if Your Honor wants to try it next week if he doesn't want to waive his right to speedy trial or set the trial date as a set trial date as September 9th—or October 9th. I have no problem with that. I can get my subpoenas.

THE COURT: The only thing, if the record was made adequately last week, there is no reason to bring this on every week.

. . .

THE COURT: . . . If it's set for October the 9th, then it's already been done. You know, you present me with this every week and you expect me to—I don't know what you expect me to do, but there is nothing for me to do if it's already been done.

Ms. CAMERON: If you check the record, you will find that Judge Yencopal on the record has indicated that it should be on the docket every Tuesday.

THE COURT: I don't care what he said. That's ridiculous.

. . .

THE COURT: We'll take it up later on. Take him back.

. . .

THE COURT: On the matter of Segundo Guajardo, it appears to me that—that the difficulty in this case was because of an assumption that this matter had to come up every week and I would point out Rule 3.3(h). It seems to me to provide that the trial court can, for good cause, continue a case beyond the 60–day rule and it's not—or rather it's excluded from the 60–day period. And it appears to me that that was done last week in front of Judge Yencopal; that the Court at that time, from what I've been told, made a determination on the record giving the reasons that the case would be continued until—I think it was October the 9th, is that right?

Ms. KNOX: Yes.

. . .

THE COURT: *And there is no further need to address the matter either this week or any other time, assuming, of course, that the reasons given at that time were adequate.*

(Italics ours.)

Thus Judge Staples found no need to rule on the matter of a continuance. His decision that Judge Yencopal's previous setting was controlling did not involve the exercise of discretion. Therefore, because he did not exercise his discretion, the October 9 affidavit of prejudice was timely filed. RCW 4.12.040 and cases thereunder leave no room for discretion in deciding whether to grant a motion for removal. "This court has often stressed the mandatory, nondiscretionary nature of this rule." *Hansen*, at 333; *see Marine Power & Equip. Co.*, at 461; *Dixon*, at 702; *State ex rel. Mauerman v. Superior Court*, 44 Wn.2d 828, 830, 271 P.2d 435 (1954); *State ex rel. Nissen v. Superior Court*, 122 Wash. 407, 411, 210 P. 674 (1922).

RCW 4.12.040 provides that, when prejudice has been established by motion and supporting affidavit, "the presiding judge . . . shall forthwith transfer the action to another department of the same court, or call in a judge

from some other court." The statute thus imposes a singular duty: Upon proper filing of an affidavit of prejudice, the judge must reassign the case.

*Hansen,* at 334. Once the statute has been complied with, regardless of whether the purported prejudice is real or imagined, the case must be transferred.

We need not address Mr. Guajardo's request for a new trial based on ineffective assistance of counsel and cumulative error since we have ruled he is entitled to a new trial. Mr. Guajardo also argues it was error for the trial court to admit his post–*Miranda* statements and the testimony regarding his drug use. Over defense objection, the trial court admitted Mr. Guajardo's statements following valid waiver of his *Miranda* rights regarding the fact that he had been in the area visiting his "dope man". Also admitted, over objection, was testimony of a Pasco police officer stating: "He also stated to me that that [robbery] wasn't his thing. His thing was dope".

ER 404(b) allows admission of evidence of prior "bad acts" if logically relevant to a material issue and if its potential for prejudice does not substantially outweigh its probative value. *State v. Saltarelli,* 98 Wn.2d 358, 655 P.2d 697 (1982). Bearing in mind the provisions of ER 404(b), the decision to admit or refuse to admit such evidence is better left to the trial judge. Depending upon the manner in which the evidence is presented and the context within which it arises, the trial judge is better able to rule on admissibility. That ruling is discretionary and will be overturned only for an abuse of discretion.

Reversed.

GREEN and MUNSON, JJ., concur.

Review denied by Supreme Court April 5, 1988.