[No. 29910. Department One. August 1, 1946.]

GERTRUDE McGREGOR, *Appellant*, v. ALEX T. McGREGOR, *Individually and as Executor, et al., Respondents.*[1]

*H. Earl Davis*, for appellant.

*Richard S. Munter* and *Edward G. Cross*, for respondents.

SIMPSON, J.—This action was instituted to compel specific performance of an oral contract, or for an accounting for

[1]Reported in 171 P. (2d) 694.

certain profits of the defendant corporations which plaintiff claimed were due to her.

The plaintiff was the wife of Alex T. McGregor. The defendants were Alex T. McGregor and John M. McGregor, sued as individuals, and Alex T. McGregor, John M. McGregor, and Richard S. Munter, sued as the executors of the last will of Peter McGregor, deceased. The McGregor Land and Livestock Company and Taylor Land and Livestock Company, corporations, were also made defendants. After the commencement of the action, Alex T. McGregor died, and Gladys Jacqueline McGregor, the executrix of his estate, was substituted in his stead.

The cause, tried to the court, resulted in an entry of a judgment of dismissal. Plaintiff then appealed to this court. Her assignments of error call in question the action of the trial court in dismissing the action.

In appellant's brief we find the following statement:

"One cannot read the record in this case and escape the conclusion that the Taylor Company became unjustly enriched through the efforts and contributions of appellant, and under such circumstances a court of equity when it has jurisdiction over the persons and the subject matter, can and should convert the recipient of such unjust enrichment into a constructive trustee and impress the property enriched with a trust for the benefit of the person who created such unjust enrichment."

The evidence introduced to prove the oral contract and constructive trust is summarized as follows:

The substantial portion of the stock in the McGregor and Taylor companies was owned by Peter McGregor, father of Alex T. McGregor and John M. McGregor. Peter McGregor died February 8, 1941, leaving a will in which his two sons and Richard S. Munter were named as executors. Appellant and Alex T. McGregor were married in 1922 and divorced in 1939. In the divorce proceedings, no mention was made of any community or individual property. Soon after their marriage, appellant and her husband moved onto property owned by Taylor Land and Livestock Company. The companies were engaged in the business of raising cattle, sheep, and wheat.

At the time of her marriage to Alex T. McGregor, appellant had between seven and eight thousand dollars in cash, household furnishings for a fourteen-room house, and some diamonds and furs. Appellant testified that, during her marriage to Alex T. McGregor, she tended camp on the ranch, hired the men, kept books, took care of supplies for the camp, and at times cooked for the men.

Asked about the disposition of the money she had when married, she stated:

"A. I spent it for clothing and hotel bills, clothing for myself and my youngsters, and sometimes for Alex. When we fixed up our house, I put some of the money into that. Q. What house do you mean? A. The house on the ranch that we remodelled."

She testified that the furniture was destroyed by fire; that she received about two thousand dollars out of the three thousand dollar fire insurance, and that her husband received the balance.

Appellant stated that her husband was supposed to have a salary of one hundred dollars per month, and she was to have twenty-five dollars per month. The salary was never paid, but she and her husband "went to the office and got whatever we wanted to take."

One witness, L. C. Bigelow, testified that Peter McGregor stated on different occasions that, if it wasn't for Alex, he would get rid of the ranch; that he wanted Alex and his wife to have the ranch and to keep it for a good home.

Is the evidence sufficient to support either a decree of specific performance or establish a constructive trust?

■■ In order to prove an enforcible oral contract to make a will, or convey property, the evidence must establish a contract that is conclusive, definite, certain, and beyond all legitimate controversy. *Resor v. Schaefer*, 193 Wash. 91, 74 P. (2d) 917; *Blodgett v. Lowe*, 24 Wn. (2d) 931, 167 P. (2d) 997.

Certainly the evidence produced in the case at bar does not even tend to prove a contract to leave property by will, or pay for services rendered, or repay funds that might have been expended by appellant.

 In order to establish a constructive trust, fraud must be proved by evidence that is clear, cogent, and convincing. *Arnold v. Hall,* 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N.S.) 349; *Georges v. Loutsis,* 20 Wn. (2d) 92, 145 P. (2d) 901.

Appellant's evidence does not give even a hint of fraud. There is no evidence of a promise that was made and broken. It may be that appellant worked hard throughout the many years of her life on the ranch, with the hope that her efforts would result in financial success for her husband and herself. That her efforts were fruitless does not prove fraud or establish a trust of any nature.

The judgment of the trial court is entirely correct and is therefore affirmed.

BEALS, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.