[No. 32382. Department One. September 4, 1953.]

FRANK P. LALLEY, *Respondent*, v. EFFIE K. LALLEY, *Appellant*.[1]

[1] Reported in 260 P. (2d) 905.

*Arthur H. Reed,* for appellant.

*George W. Sibbald,* for respondent.

WEAVER, J.—This is an action in equity to determine the status of certain real and personal property. Issue was tendered by defendant's cross-complaint that she was entitled to one half the value of the property by reason of an agreement between the parties.

Defendant (Mrs. Lalley) appeals from a decree (a) declaring the real property and an automobile to be the separate property of plaintiff; and (b) granting her a lien against the real property in the sum of $2,206, "which said lien shall be paid within three years from date hereof [November 24, 1952]."

Appellant's eighteen assignments of error are directed against all of the trial court's findings of fact except two, and against all of the conclusions of law and judgment.

 Appellant and respondent were the only witnesses. Two theories were presented. The trial court, as the trier of the facts, rejected one and accepted the other. The record does not disclose that the evidence preponderates against the findings of fact. *Peterson v. Schoonover*, 42 Wn. (2d) 621, 257 P. (2d) 209. Appellant's first twelve assignments of error are not well taken.

Appellant and respondent were divorced in 1945. A complete property division was made at that time. They had been married for twenty-nine and a half years. Appellant went east to live, where she found employment; respondent remained in this state. The parties corresponded occasionally.

In 1948, appellant returned to Washington. She went to Longview, where respondent lived and worked. Shortly thereafter, the real property here involved was purchased. It was unimproved except for a small shack. The purchase price was approximately one thousand dollars, paid entirely with respondent's separate funds. Without appellant's knowledge, title was placed in the name of both of them.

They both moved upon the property. For five or six months, she lived in a trailer and he in the small shack. They both worked remodeling and building a house. The property is now valued at sixty-eight hundred dollars. Respondent admitted that appellant did half of the construction labor.

When construction was sufficiently advanced, both moved into the house, each in separate rooms. The trial court found:

"That said parties did not live together as husband and wife and had no marital relations therein and there is no substantial evidence herein to the effect that said parties held themselves out as husband and wife. That each of said parties had their own rooms and lived their own lives with the exception of the fact that the plaintiff [respondent] herein purchased and paid for all food and utilities used in and about said premises by the parties during the time they both lived on said property."

The relationship between the parties was not meretricious, a fact which distinguishes this case factually from a number of our prior decisions. *Hynes v. Hynes,* 28 Wn. (2d) 660, 184 P. (2d) 68 (1947); *Creasman v. Boyle,* 31 Wn. (2d) 345, 196 P. (2d) 835 (1948).

During this period, an automobile was purchased. Appellant made the down payment of eight hundred dollars, and title was taken in her name. Shortly thereafter, respondent paid her one hundred fifty dollars of her down payment. All subsequent monthly payments, maintenance and insurance, were paid by respondent from his separate funds. He used the car. Appellant did not drive.

The parties kept their financial affairs separate. Each had separate funds. Respondent paid for all materials used in building the house, except $106 paid by appellant for a sink. On occasions, respondent borrowed small sums from appellant. The loans were always repaid. Appellant purchased the lot adjoining the property in dispute. She had it bulldozed and planted fruit trees. She purchased certain apartments in another part of town. Respondent did some work for her on the apartments. She paid him for his labor. For a month, appellant was employed elsewhere doing housework. With her own funds, she bought furniture, a kitchen range, and an electric washer. She took them with her when she left.

As to the automobile, appellant testified:

"Q. What was said by Mr. Lalley when he gave you the $150? A. He told me he would pay the balance on the car and I told him when he would pay me the balance *I would give him the title to the car. Q. Your intention was to hold the title until you were paid is that right? A. Yes.* . . . Q. I understand the down payment was $800? A. I paid $800 for it. Mr. Lalley paid me $150 out of that $800. Q. So actually, $650 is your money? A. *Yes, $650 is what he owes me on the car.*" (Italics ours.)

In view of the particularity with which they managed their own financial affairs, it is apparent, in view of appellant's testimony, that she took title to the car only as security for the down payment made by her. The trial court did not

err in awarding the automobile to respondent as his separate property. As we will discuss later, appellant was given security for the $650 still due her.

In *In re Cunningham's Estate*, 19 Wn. (2d) 589, 592, 143 P. (2d) 852 (1943), this court said:

"The character of the transaction is determined as of the time of conveyance; the status of the property is fixed either as a gift or a trust at the time grantee takes title. The intention of the donor is determined as of the date of the deed [citing cases]."

A careful reading of the testimony treating with the circumstances surrounding acquisition of the deed, leads to but one conclusion: naming both parties as grantees was more an inadvertent act than it was a conscious act manifesting an intention upon respondent's part to vest appellant with an interest in the property. Appellant testified that, although she was present when they inspected the property, she was not present when respondent signed the purchase contract or received the deed. Respondent testified (and it is not disputed) that he did not know that they had both been named as grantees until he had "looked in the record in the court house."

Restatement, Trusts, 1343, § 440, provides:

"Where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid, except as stated in §§ 441, 442 and 444."

None of the exceptions to the rule applies to the case before us. There are no circumstances manifesting an intention on the part of respondent that a resulting trust should not apply. Restatement, Trusts, 1347, § 441. Appellant is neither a wife, a child, nor other natural object of respondent's bounty. Restatement, Trusts, 1355, § 442. See *In re Cunningham's Estate, supra*. It was not the purpose of the transaction to accomplish an illegal purpose. Restatement, Trusts, 1359, § 444.

In *Walberg v. Mattson*, 38 Wn. (2d) 808, 812, 232 P. (2d) 827 (1951), this court said:

"The general rule is that where property is taken in the name of a grantee other than the person advancing the consideration, in the absence of other evidence of intent, the grantee is presumed to hold the legal title subject to the equitable ownership of the person advancing the consideration [citing authorities]."

There is an "absence of other evidence of intent." The general rule applies. The trial court did not err in adjudging the real property to be the separate property of respondent.

However, the trial court found appellant entitled to some relief. The judgment entered November 24, 1952, provides:

"It is further ORDERED, ADJUDGED AND DECREED that defendant herein, Effie K. Lalley, is hereby granted a lien against said real property in the sum of $2206.00, which said lien shall be paid within three years from date hereof."

The amount of the award is supported by the evidence. It is composed of $106 paid by appellant for the sink installed in the house; $650 due her on the down payment on the automobile; and $1,450 for her labor. The evidence substantiates a finding by this court that there was at least an implied agreement, if not an express one, between the parties that appellant was to be compensated for her labors. The trial court found that $2,900 represented the value of the labor used in constructing the house. Appellant contributed one half of it; hence the allowance to her of $1,450.

██ We believe, however, that the decree should be modified in two respects. First, appellant is entitled to a judgment against respondent for the amount due her. Second, although the record discloses circumstances supporting the trial court's conclusion that respondent should have a reasonable time within which to pay appellant or secure a loan upon the real property, we believe that three years is entirely too long.

Pursuant to Rule on Appeal 16, 34A Wn. (2d) 23, we direct that the quoted portion of the decree of November 24, 1952, be modified to read as follows:

"It is further ORDERED, ADJUDGED AND DECREED that defendant, Effie K. Lalley, have, and she herewith is granted, judgment against Frank P. Lalley in the sum of $2,206,

together with interest thereon at the rate of six per cent per annum from November 24, 1952, until paid; that said judgment shall be a lien upon the real property herein described; that said lien cannot be foreclosed by said defendant prior to ninety days after the date the remittitur of the supreme court is filed in the office of the clerk of Cowlitz county, Washington."

In all other respects, the decree is affirmed.

Having recovered a more favorable judgment, appellant will be awarded costs of appeal.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.