[No. 9478-2-III. Division Three. June 5, 1990.]

LANITA YATES, *Respondent*, v. JODY TAYLOR, *as Personal Representative*, ET AL, *Appellants*.

*Richard F. Monahan* and *Roach, Monahan & Lowry,* for appellants.

*Harvey Faurholt* and *Horton, Wilkins & Faurholt,* for respondent.

SHIELDS, J.—LaNita Yates, the daughter of Dillard and Helen York, both deceased,[1] initiated this action to recover the value of a claimed interest in a duplex built on farm

---

[1]Helen York died after trial on this matter but before the entry of judgment.

acreage owned by the Yorks and sold by them in 1984 without notice to her. The trial court determined Ms. Yates had a one–half interest in the duplex and awarded her $19,250 plus prejudgment interest from the date of the sale, less the value of certain personal property she acquired before her father's death. Jody Taylor, daughter of Ms. Yates, granddaughter of the Yorks and the appointed personal representative of Dillard York's estate, appeals. We affirm the judgment, but modify it with respect to the award of prejudgment interest.

The York property was located 1¼ mile west of College Place, Washington, on Whitman Monument Road. It consisted of 290 acres, the duplex and outbuildings. Ms. Yates was raised on the farm and lived there after her marriage to Joe Yates in 1946. In 1953, the Yates and the Yorks agreed to jointly construct a duplex. It is undisputed the Yates paid for one–half of the construction cost. After its completion, the Yorks occupied the south unit and the Yates, the north unit. Each couple paid their own maintenance costs. The Yates were divorced in 1969 and Ms. Yates was awarded the interest in the duplex.

After her divorce, Ms. Yates moved to town. She remarried and moved back to the duplex for approximately 18 months and then permanently moved to town in 1972. In 1982, she hired a family to move into her unit to provide care for her aging parents and to help work the farm.

Ms. Yates learned of her parents' June 1984 sale of the property 6 weeks after it occurred. The Yorks continued to reside in the duplex rent free until they were moved to a nursing home in March 1985. After the sale, Ms. Yates attempted to have her mother declared incompetent and the sale set aside because she believed the property had been sold at a deflated price, but she was unsuccessful.

Dillard York died in August 1986. Ms. Yates filed a creditor's claim dated January 21, 1987, against his estate in the amount of $35,000 to reimburse her for the labor, money and materials expended on the duplex. The claim was

rejected. She then filed this suit on February 10, 1987. Several motions[2] and an amended complaint[3] alleging an undivided one–half interest in the duplex were filed on the day the court was to hear Ms. Taylor's motion for summary judgment. The court dismissed the reimbursement claim on the ground it was barred by the 3–year statute of limitation, the last contribution having been made to the Yorks in 1960,[4] but awarded Ms. Yates $19,250 and prejudgment interest based upon a theory of constructive trust.

Numerous issues are presented on appeal, but one question is dispositive: was Ms. Yates entitled to a recovery for contributions made to the construction of the duplex?

■ A constructive trust[5] may arise if consideration for

---

[2]Ms. Taylor assigns error to the recusal of Judge Mitchell based upon the filing of an affidavit of prejudice just prior to trial. There having been no discretionary ruling by Judge Mitchell, it was mandatory that he recuse himself. RCW 4.12.040–.050; *Marine Power & Equip. Co. v. Department of Transp.*, 102 Wn.2d 457, 465, 687 P.2d 202 (1984); *State v. Guajardo*, 50 Wn. App. 16, 19, 746 P.2d 1231 (1987), *review denied*, 110 Wn.2d 1018 (1988). Ms. Taylor's reliance on *State v. Hansen*, 107 Wn.2d 331, 333, 728 P.2d 593 (1986) is misplaced. In *Hansen*, a second judge was available immediately and was refused by the party filing the affidavit of prejudice. The court concluded the defendant had waived his right to a change of judge. Here, there was no such waiver.

Ms. Taylor also moved for sanctions and assigned error to the court's refusal to grant them. It appears that motion was filed sometime prior to the court's suggestion sanctions were appropriate. However, her counsel failed to pursue the matter at the appropriate time. Thus, we conclude the issue was waived. Additionally, because the trial court did not rule on the motion, the matter cannot be reviewed on appeal.

[3]Ms. Taylor contends the court abused its discretion in allowing Ms. Yates to amend her complaint and allege an ownership interest in the duplex. Because this case is decided on a theory other than ownership, any error in this regard is moot.

[4]Ms. Yates also made a substantial contribution to the repair of the roof in 1981.

[5]A constructive trust must be distinguished from a resulting trust:

> A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest in the property.

*Engel v. Breske*, 37 Wn. App. 526, 528, 681 P.2d 263, *review denied*, 102 Wn.2d 1025 (1984) (quoting 5 A. Scott, *Trusts* § 404.1, at 3213 (3d ed. 1967)). In *Engel*,

the acquisition of property is furnished by one party and title is taken in the name of another so that retention of the property would result in an unjust enrichment. 5 A. Scott & W. Fratcher, *Trusts* § 462, at 304 (4th ed. 1989); *Scymanski v. Dufault,* 80 Wn.2d 77, 89, 491 P.2d 1050 (1971); *Aebig v. Commercial Bank of Seattle,* 36 Wn. App. 477, 479, 674 P.2d 696 (1984). The deciding factor is whether the party who possesses the property has been unjustly enriched. *Betchard–Clayton, Inc. v. King,* 41 Wn. App. 887, 707 P.2d 1361, *review denied,* 104 Wn.2d 1027 (1985); *Mehelich v. Mehelich,* 7 Wn. App. 545, 500 P.2d 779 (1972).

██ Ms. Taylor contends the evidence supporting the trial court's finding of a constructive trust was not clear, cogent and convincing. We agree insofar as a constructive trust requires that particular burden of proof. There was no clear, cogent and convincing evidence of an ownership interest. However, the burden of proof necessary to establish a constructive trust is dependent on the particular underlying factors. 5 A. Scott & W. Fratcher § 462.6, at 330. *McGregor v. McGregor,* 25 Wn.2d 511, 514, 171 P.2d 694 (1946) held the burden of proof is clear, cogent and convincing when the underlying basis for action is fraud. There being no evidence of fraud, the trial court's ruling on constructive trust can be upheld based upon a quasi–contract right to a share of the sale proceeds, an implied contract in law, as proven by a preponderance of the evidence. *Eaton v. Engelcke Mfg., Inc.,* 37 Wn. App. 677, 682, 681 P.2d 1312 (1984).

---

the court held there is no presumption of an intent to create a resulting trust in favor of the beneficiary who provides only a portion of the consideration for the purchase of property. If there is no presumption, the beneficiary has the burden of proving the existence of the resulting trust by clear, cogent and convincing evidence. *Engel,* at 530. *See also Omer v. Omer,* 11 Wn. App. 386, 391, 523 P.2d 957 (1974). Our review of the record does not convince us the evidence presented by Ms. Yates rose to the level of clear, cogent and convincing. Furthermore, the interest of a beneficiary of a resulting trust is an equitable interest and is cut off if the trustee transfers the property to a bona fide purchaser for value. 5 A. Scott & W. Fratcher, *Trusts* § 408, at 21 (4th ed. 1989).

The chief difference between the imposition of a constructive trust based on fraud and one based on a quasi-contractual obligation is procedural: the former is an action in equity to compel the return of specific property; the latter, which we apply here, is an action at law to impose a personal liability. 5 A. Scott & W. Fratcher § 461, at 301. The law recognizes two classes of quasi contracts, those implied in fact[6] and those implied in law. *Heaton v. Imus,* 93 Wn.2d 249, 252, 608 P.2d 631 (1980). Again, the latter is applicable here. A contract implied in law is one imposed by the courts because of an implied duty of the parties not based upon mutual assent. *Heaton,* at 252 (citing *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.,* 49 Wn.2d 363, 301 P.2d 759 (1956)). There are two elements necessary for the imposition of a quasi–contractual obligation: (1) the enrichment of the defendant must be unjust and (2) the plaintiff cannot be a mere volunteer. *Trane Co. v. Randolph Plumbing & Heating,* 44 Wn. App. 438, 722 P.2d 1325 (1986).

Here, there is no evidence of an enforceable contract, nor of mutual assent between the parties as to the property interest acquired by Ms. Yates. Nevertheless, Ms. Yates has fully performed with respect to construction and maintenance of the duplex. It is undisputed the Yorks were unjustly enriched at least to the extent of approximately $10,000 in money and material supplied by Ms. Yates. There is also no evidence to suggest her contributions were made as a volunteer. There is a preponderance of evidence to support a quasi contract implied in law. *See In re Estate of Thornton,* 81 Wn.2d 72, 80, 499 P.2d 864 (1972).

The next question is the measure of recovery: whether damages are limited to the cost of materials used in the construction of the duplex or whether Ms. Yates is entitled to one–half the sale proceeds as found by the trial court.

[6]A contract implied in fact is evidenced by the parties' conduct which indicates a meeting of the minds and an intent to contract. *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.,* 49 Wn.2d 363, 367, 301 P.2d 759 (1956).

■ The proper remedy is quantum meruit.[7] As applied to quasi contract, the injured party is placed in as good a position as if the contract had been fully performed, including a reasonable profit. *Heaton,* at 252–53 (citing 1 A. Corbin, *Contracts* § 44, at 51 (1963)); *Lester N. Johnson Co. v. Spokane,* 22 Wn. App. 265, 275, 588 P.2d 1214 (1978), *review denied,* 92 Wn.2d 1005 (1979). Here, there was full performance in the absence of an enforceable contract or one implied in fact based on mutual assent. The breach of this quasi contract implied in law did not occur until the duplex was sold and the Yorks refused to share the sale proceeds with Ms. Yates. Based upon her full performance, Ms. Yates is entitled to damages in an amount which will compensate her for her contributions as well as a reasonable profit.

Ms. Taylor next assigns error to the court's valuation of the duplex at $38,500 and Ms. Yates' compensation as being one–half that amount. It is undisputed the value of the duplex was set by Mark Fortune, the chief deputy for the Walla Walla County Assessor's office. He stated he assessed the property in April 1984 as part of the County's normal 4–year revaluation cycle as being $40,600 which

---

[7]In *Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 90–91, 492 P.2d 1058 (1971), *review denied,* 80 Wn.2d 1010 (1972), the court distinguished between quantum meruit as applied to implied contract and restitution: "The term quantum meruit may be defined to include restoration of a party to the *status quo ante* when a contract has been wrongfully terminated after part performance. Conceptual clarity is served if two different types of recovery included in the term quantum meruit are narrowed and kept separate. These are quantum meruit as applied to restitution and as applied to implied contract.

". . . .

"Restitution is a proper remedy for a party who after partial performance has been prevented from further performance by a total breach of an indivisible contract.

"Quantum meruit has been defined to include recovery allowed where one party's performance occurs *in the absence of a contract. [sic]* or where substantial change not within contemplation of the parties occurs with a resulting benefit to one party and expense to the other. In such instances, the Washington Supreme Court has allowed the burdened party to recover the value of his performance in quantum meruit and has allowed profit to be included in the computation of the ratio of performance." (Citations omitted.)

included outbuildings, a figure confirmed by a subsequent sale in 1987. Deducting $2,100 for the outbuildings, there was evidence to support the court's determination of value at $38,500 and Ms. Yates' quantum meruit damages on an implied contract at $19,250.

■ Ms. Taylor also contends exhibit 10 constituted an account stated and an agreement Ms. Yates' reimbursement should be limited to $9,645.29, as evidenced by exhibits 10, 2 and 3. An account stated exists when the parties mutually agree to settle their account by payment of a stated sum. *Housing Auth. v. Northeast Lake Wash. Sewer & Water Dist.,* 56 Wn. App. 589, 596, 784 P.2d 1284, 789 P.2d 103 (1990) (citing *Plywood Mktg. Assocs. v. Astoria Plywood Corp.,* 16 Wn. App. 566, 574, 558 P.2d 283, 96 A.L.R.3d 1231 (1976), *review denied,* 88 Wn.2d 1014 (1977)). Those exhibits do not evidence a mutual agreement that the sum is an account stated, but are merely an acknowledgement to date of Ms. Yates' contribution to the construction of the duplex. Thus, there was no error in failing to find an account stated.

■ Finally, Ms. Taylor argues the court erred in awarding prejudgment interest. Prejudgment interest is allowed only if the claim is fully liquidated. *Smith v. Olympic Bank,* 103 Wn.2d 418, 425, 693 P.2d 92 (1985). The terms of the sale agreement in 1984 valued the property according to a per acre amount, with no specific value placed upon the duplex until trial. The value of the duplex was determined apart from the acreage at trial. Thus, the amount owed to Ms. Yates was not liquidated. The award of prejudgment interest was error.

Ms. Yates requests an award of attorney fees based upon equitable grounds, citing *Hsu Ying Li v. Tang,* 87 Wn.2d 796, 557 P.2d 342 (1976). Given the facts and circumstances of this case, attorney fees are denied.

The judgment is affirmed, but modified with respect to the award of prejudgment interest.[8]

MUNSON, C.J., and GREEN, J., concur.

Review denied at 115 Wn.2d 1017 (1990).

---

[8]Counsel for Ms. Taylor moved this court to attach copies of the findings of fact and conclusions of law to his brief. The issue is moot as copies of the findings and conclusions are contained within the Clerk's Papers.