In re **PROFESSIONAL INVESTMENT PROPERTIES OF AMERICA, INC., Debtor.**

Robert and Grace **BRIGGS, Plaintiffs,**

v.

Roy W. **KENT, Trustee, and the Estate of Professional Investment Properties of America, Inc., Defendants.**

Bankruptcy No. 86–32060.
Adv. No. 87–32277.

United States Bankruptcy Court, W.D. Washington.

June 30, 1993.

Michael D. Hitt, Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, Tacoma, WA, for trustee.

Shawn B. Briggs, Briggs & Briggs, Tacoma, WA, for plaintiffs.

## DECISION AND ORDER ON SUMMARY JUDGMENT

PHILIP H. BRANDT, Bankruptcy Judge.

### I.  HISTORY

In October of 1985 the Defendant/Debtor, Professional Investment Properties of America, Inc. ("PIP") borrowed $50,000 from Plaintiffs Robert and Grace Briggs, giving a note and deed of trust on real property.  No one recorded the deed of trust.  PIP had financial problems, and in May of 1986 the Briggs filed an Involuntary Petition together with a Motion for Appointment of Trustee.  The Petition was granted, and Roy W. Kent was appointed Trustee.

Thereafter, the Trustee sold the property subject to the Briggs' deed of trust.  In May of 1987 the Briggs filed this action, seeking to impose a constructive trust on the proceeds.  The Trustee answered, requesting a determination of Plaintiffs' interest in the proceeds.  As recounted in *Briggs v. Kent, Trustee, (In re Professional Investment Properties of America)* 955 F.2d 623 (9th Cir.1992), *cert. denied* — U.S. ——, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992) *rehrg. den.* — U.S. ——, 113 S.Ct. 638, 121 L.Ed.2d 569 (1992), there have been two previous summary judgments granted, appealed, reversed and remanded. The Trustee sold his interest in the proceeds to Maynard B. Miller,[1] who now seeks summary judgment avoiding Plaintiffs' Deed of Trust as a preference under § 547(b) of the Bankruptcy Code.[2]

In an effort to resolve the case completely, I requested additional briefing on Plaintiffs' earlier summary judgment motion, which was based on constructive trust and equitable lien theories.

### II.  JURISDICTION

This is a core proceeding and this Court has jurisdiction.  28 U.S.C. §§ 157(b)(2)(C), (H), (K), and (O) and 1334;  GR 7, Local Rules W.D.Wash.

### III.  ANALYSIS

A.  *Contentions:*  To the Trustee's motion, the Briggs reply that the Trustee previously argued the preference theory to the Bankruptcy Court, the District Court, and the Court of Appeals, as well as in his

---

1. The Ninth Circuit approved Miller's acquisition and assertion of the powers of the trustee, 955 F.2d at 625–626.  I will follow its lead in referring to him henceforth as "Trustee".

2. Unless otherwise indicated, all Chapter and Section references are to the Bankruptcy Code, 11 U.S.C., and references to "Rule" are to Fed. R.Bankr.P.

petition for *certiorari* to the Supreme Court. They contend that the Ninth Circuit's affirmance of District Court's reversal (of an order which also denied their motion for summary judgment) is law of the case which precludes the Trustee's preference theory. On their own motion, the Briggs assert that a constructive trust arose when they loaned money to PIP for the development of the real property, or that they obtained an equitable lien as a result of PIP's principal's failure to record the deed of trust as promised or as a result of his later representations that he had done so.

The theory of the Trustee's motion is that, since the higher courts have ruled that it was the Briggs' Involuntary Petition which gave sufficient notice of their claimed interest in the real property to defeat his strong arm powers under § 544(a)(3), the deed of trust was not perfected until that Petition was filed, rendering that transfer preferential under § 547.[3] To the Briggs' motion, the Trustee responds that they are entitled to neither a constructive trust nor an equitable lien under Washington law.

■ B. *Summary Judgment:* Summary judgment is appropriate when, considering the evidence most favorably to the non-moving party, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056 (making applicable Fed.R.Civ.P. 56); *Lake Nacimiento v. San Luis Obispo County,* 830 F.2d 977 (9th Cir.1987), *cert. denied* 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). The rule's purposes include disposing of claims (and defenses) without factual basis. The party resisting must go beyond the pleadings and show an evidentiary conflict in the record, raising genuine and material issues. The opponent cannot rely on mere denials or conclusions. *SRI International v. Mat-*

*sushita Electric Corp. of America,* 775 F.2d 1107, 1116 (Fed.Cir.1985).

C. *Law of the Case:* Although the Briggs' motion for summary judgment was denied in the same Order which granted the Trustee's motion on his § 544 avoidance theory, the District Court Judgment Reversing ...; Order of Remand did not *ipso facto* grant the Briggs summary judgment.[4] The Briggs contend, nevertheless, that the law of the case, embodied in the Ninth Circuit's decision, requires denial of the Trustee's motion.

> For the doctrine [law of the case] to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition." *Liberty Mutual Ins. Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982). A significant corollary to the doctrine is that dicta have no preclusive effect.
>
> ■ Application of the doctrine is discretionary.... A court properly exercises its discretion to reconsider an issue previously decided in only three instances: (1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand was substantially different.

*Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703, 715 (9th Cir.1990) [citations omitted].

And law of the case is, at the end of the day, only law:

> When, as in this case, the plaintiff moves on remand for summary judgment, the trial judge may decide the motion in accordance with the law of the case, based on the appellate conclusions, if no evidence that affects the appellate ruling is offered in opposition to the summary judgment. *United States v. United States Gypsum Co.,* 340 U.S. 76, 86, 71 S.Ct. 160, 168, 95 L.Ed. 89 (1950). The trial court cannot grant the motion

---

**3.** The Answer has never been formally amended to seek avoidance of the deed of trust, although the summary judgment motions, rulings, and appeals all dealt with such questions, which I take as implicitly granting a motion to amend the answer to conform the evidence. In any event, a formal amendment made now would

relate back to the original answer. Rule 7015, incorporating Fed.R.Civ.P. 15.

**4.** *Rose v. A.C. & S., Inc.* 796 F.2d 294, 298–299 (9th Cir.1986).

solely in reliance on the appellate holdings; it must examine whatever materials the defendant presents in opposition to the summary judgment. If that material produces no new evidence and evinces no factual dispute, the resolution of which might change the law applied by the appellate court, the trial court should enter judgment for the plaintiff as a matter of law.

*Pubali Bank v. City National Bank,* 777 F.2d 1340, 1343 (9th Cir.1985).

■ Bankruptcy Judge Skidmore did not address preference questions in his Order Granting Summary Judgment, nor did District Judge Bryan in his Oral Ruling [5], nor did the Ninth Circuit. The Trustee is not foreclosed from arguing a preference theory, which was neither implicitly nor explicitly nor necessarily decided by the higher courts in resolving the strong-arm issues, and which was left open by those courts. *Waggoner v. Dallaire,* 767 F.2d 589, 593 (9th Cir.1985), *cert. denied* 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 601 (1986).

D. *Constructive Trust:* The Briggs next argue that their loan to PIP, which they characterize as for the purpose of acquisition and development of the property in question, subjects that property to a constructive trust for their benefit, and excludes it (and its proceeds) from the estate.[6] The Trustee responds that PIP had acquired the property in April of 1985, several months before the loan.

In Washington [7]:

The rule stated in 2 Pomeroy's Equity Jurisprudence, § 1053, was adopted in *Rozell v. Vansyckle,* 11 Wash. 79, 83, 39 Pac. 279 [270] [1895]:

In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, *taking advantage of one's weakness or necessities,* or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same; ... and a court of equity has jurisdiction to reach the property either in the hands of the original wrong-doer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust [emphasis in original].

*Bangasser & Associates v. Hedges,* 58 Wash.2d 514, 516–517, 364 P.2d 237 (1961). Washington courts use the equitable remedy beyond the paradigm cases involving unfortunates tricked out of their property, or out of their money for property purchased in the trickster's name: in *Scymanski v. Dufault,* 80 Wash.2d 77, 491 P.2d 1050 (1971) a constructive trust was imposed where the defendant intentionally interfered with the plaintiff's attempt to purchase an asset, and acquired that asset by means of its interference.

A constructive trust can be predicated on a quasi-contractual obligation as well as fraud:

A constructive trust may arise if consideration for the acquisition of property is furnished by one party and title is taken in the name of another so that

**5.** Incorporated in the Judgment Reversing and Remanding.

**6.** By operation of § 541(d):
Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of the sec-

tion only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

**7.** Washington law determines the parties' property rights. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979); *In re North American Coin & Currency, Ltd.,* 767 F.2d 1573, 1575–1576, *modified,* 774 F.2d 1390 (9th Cir.1985), *cert. denied* 475 U.S. 1083, 106 S.Ct. 1462, 89 L.Ed.2d 719 (1986).

retention of the property would result in an unjust enrichment.

. . . .

The chief difference between the imposition of a constructive trust based on fraud and one based on a quasi-contractual obligation is procedural: the former is an action in equity to compel the return of specific property; the latter, which we apply here, is an action at law to impose a personal liability. [footnotes and citations omitted]

*Yates v. Taylor,* 58 Wash.App. 187, 190–192, 791 P.2d 924 (1990), *rev. denied* 115 Wash.2d 1017, 802 P.2d 128 (1990). The quasi-contract in *Yates* was for the construction of a duplex on the real property sold, the proceeds of which were impressed with a constructive trust.

■ Nothing in the record evidences what PIP did with the funds loaned by the Briggs. The Trustee's evidence does not exclude the possibility that PIP improved the property sold with the proceeds of the Briggs' loan, nor have the Briggs shown what PIP did (as distinct from what its president promised to do) with the funds. An issue of material fact remains: whether PIP was so unjustly enriched at the expense of the Briggs that a constructive trust arose.

There are also substantial issues of law, not fully briefed by the parties:

First, when does the beneficiary of a constructive trust under Washington law obtain a property interest in the *res* of the constructive trust? Is the time of reification dependent on whether the basis is fraud or quasi-contract? If reification only occurs at the time a court imposes the constructive trust, it would seem to follow that on the petition date, the Briggs did not have an equitable interest in particular property which § 541(d) would exclude from the estate.

Next, as imposition of a constructive trust is an equitable remedy, must not the Briggs show PIP's creditors, as distinct from PIP pre-filing, were unjustly enriched? See E. Sherwin, *Constructive Trusts in Bankruptcy,* U.Ill.L.Rev. 297 (1989) and J. Davis, *Equitable Liens and Constructive Trusts in Bankruptcy: Judicial Values and Limits of Bankruptcy Policy,* 41 Fla.L.Rev. 1 (1989).

Finally, is there any justification for the Briggs' reliance on the promise of the adverse party in a substantial business transaction to perfect their interest, or does their failure to take elementary precautions preclude an equitable remedy? [8]

■ E. *Equitable Lien:* As a fallback position, the Briggs assert they have an equitable lien. However, in Washington law:

The right to an equitable lien arises when a party at the request of another advances him money to be applied and which is applied to the discharge of a legal obligation of that other, but when, owing to the disability of the person to whom the money is advanced, no valid contract is made for its repayment.

*Falconer v. Stevenson,* 184 Wash. 438, 442, 51 P.2d 618 (1935) (citation omitted); *see also Ellenburg v. Larson Fruit Co.,* 66 Wash.App. 246, 252–53, 835 P.2d 225 (1992). A claimant who has a remedy at law does not obtain an equitable interest. *Webster v. Rodrick,* 64 Wash.2d 814, 817, 394 P.2d 689 (1964).

Here the Briggs had both a contract for repayment (the note) and remedies at law (a suit on the note or for money had and received). The Briggs do not have an equitable lien.

■ F. *Preference:* A transfer to or for the benefit of the creditor made while the debtor was insolvent within the preference period [9] on account of an antecedent debt is preferential to the extent it enables

---

8. Compare *Skagit State Bank v. Rasmussen,* 109 Wash.2d 377, 745 P.2d 37 (1987) (holding a partner could not rely on his non-attorney partner's legal interpretation of the effect of various instruments).

9. Here 90 days: there is no allegation that the Briggs are insiders.

creditors to receive more than they would in a case under Chapter 7 had the transfer not been made, and the creditors received payment in accordance with the Bankruptcy Code. Section 547(b).

The Briggs apparently concede all elements, and rely on § 547(c)(1)'s protection of contemporaneous transfers, focusing on PIP's execution of the note and deed of trust on 20 October 1985, when they lent the money. They disregard § 547(e), which provides (in pertinent part) that a transfer of real property is made at the time it is perfected against a *bona fide* purchaser. In this case, the higher courts have ruled that occurred when the Briggs disclosed their claimed interest in the property in their Involuntary Petition against PIP, filed eight months after they loaned the money.

Whether or not PIP and the Briggs intended a contemporaneous exchange (questionable in light of PIP's President's retention of the deed of trust), it was not in fact substantially contemporaneous. *In re Chenich*, 100 B.R. 512 (9th Cir. BAP 1987) (more than one year); *In re Lendvest Mortgage Inc.*, 123 B.R. 623 (Bankr., N.D.Cal.1991) (four months); *In re Equipment Co. of America*, 135 B.R. 169 (Bankr., S.D.Fla., 1991) (60 days).

As the Briggs' interest under the deed of trust was perfected only by the filing of their involuntary petition against PIP, that transfer is preferential.

## IV. CONCLUSION & ORDER

The Trustee's Motion for Summary Judgment to avoid the Briggs' Deed of Trust as a preference is GRANTED.

The Briggs' Motion for Summary Judgment is DENIED IN PART: their cause of action for the imposition of a constructive trust will be set for trial. On their claim of an equitable lien, summary judgment is GRANTED to the non-moving party, the Trustee.