68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re PROFESSIONAL INVESTMENT PROPERTIES OF AMERICA, INC., Debtor.
Robert and Grace BRIGGS, Plaintiff-Appellant,
v.
Roy W. KENT, Trustee*, and the Estate of
Professional Investment Properties of America,
Inc., Defendant-Appellee.
 No. 94-35719.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Oct. 11, 1995.
 
 1
 Before: ALARCON, CANBY, Circuit Judges, and FITZGERALD**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Creditors Robert and Grace Briggs appeal the district court's summary judgment on remand from this court, affirming the bankruptcy court's decision in favor of Trustee Roy Kent for the Estate of debtor Professional Investment Properties of America, Inc. The Briggses sought to impose a constructive trust on the proceeds of the sale of real property for which the Briggses held a promissory note and deed of trust.
 
 I.
 
 4
 In October 1985, Professional Investment Properties of America ("the debtor"), borrowed $50,000 from Robert and Grace Briggs ("the Briggses"). The Briggses were given a promissory note secured by a deed of trust on certain real property. The deed of trust was never recorded.
 
 
 5
 In May 1986, the Briggses filed a petition for involuntary bankruptcy, alleging that the debtor was bankrupt. The petition was granted and a trustee, Roy Kent, was appointed. The trustee sold the real property to Maynard Miller. The Briggses then began an adversarial proceeding in the bankruptcy court, seeking to impose a constructive trust on the proceeds of the sale of the property.
 
 
 6
 Two summary judgment motions in the bankruptcy court were decided in favor of the trustee. Those decisions were appealed to the district court and reversed. On appeal to this circuit the district court's decisions were affirmed. In re Professional Inv. Properties of America, 955 F.2d 623 (9th Cir.), cert. denied, 113 S. Ct. 63 (1992). The primary issue in the prior proceedings was whether the involuntary petition of bankruptcy put the trustee on sufficient inquiry notice of the Briggs's interest in the real property, even if no deed of trust was recorded. We held that the involuntary petition of bankruptcy did put the trustee on inquiry notice before he could claim the status of a bona fide purchaser of the real property, pursuant to 11 U.S.C. Sec. 544(a)(3). The case was then remanded to the bankruptcy court for further proceedings.
 
 
 7
 On remand, the bankruptcy court considered both parties' motions for summary judgment. In its June 30, 1993, decision and order, the bankruptcy court concluded that the Briggs's claimed interest in the real property was avoidable under 11 U.S.C. Sec. 547 as a preferential transfer. The bankruptcy court rejected the Briggs's contention that the issue had been decided in their favor by this court based upon the "law of the case" doctrine. In re Professional Inv. Properties of America, Inc., 157 B.R. 166, 169 (Bkrtcy. W.D. Wash. 1993). The bankruptcy court also ruled that under Washington law the Briggses did not have an equitable lien to the real property and that factual issues existed whether the debtor was so unjustly enriched at the expense of the Briggses that a constructive trust should be imposed. Id. at 171. After further proceedings, the bankruptcy court granted the trustee's motion for summary judgment and denied the Brigg's request to impose a constructive trust.
 
 
 8
 The Briggses again appealed the bankruptcy court's decision to the district court. The Briggses raised two issues: (1) whether the preferential transfer issue was decided previously by this court, thus becoming the "law of the case"; and (2) whether the fraudulent conduct on the part of the former president of the debtor created a constructive trust in favor of the Briggses. The district court found that the previous decision of this court did not discuss the preferential transfer theory and therefore the law of the case doctrine did not apply. On the constructive trust issue, the district court generally agreed with the Brigg's statement of law regarding constructive trusts. But the court held that the Briggs's contention that the debtor benefitted by retention of the real property through fraudulently obtaining money from the Briggses was not supported by any evidence. Accordingly, the district court affirmed the bankruptcy court's decision.
 
 
 9
 The Briggses filed a timely notice of appeal to this court on July 18, 1994. We have jurisdiction under 28 U.S.C. Sec. 158(d).
 
 II.
 
 10
 We review de novo the district court's grant or denial of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id. In doing so, we must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. Id.
 
 A.
 
 11
 The Briggses rely on the "law of the case" doctrine, arguing that the trustee's right to avoid the Brigg's interest in the real property on the preferential transfer theory (11 U.S.C. Sec. 547(b)), has previously been decided in their favor in this court's earlier decision. See In re Professional Inv. Properties of America, 955 F.2d 623 (9th Cir.), cert. denied, 113 S. Ct. 63 (1992).
 
 
 12
 The trustee suggests that our Professional Inv. Properties decision was flawed and contends that the decision did not resolve the case but merely affirmed a reversal of summary judgment in favor of the trustee.
 
 
 13
 Under the "law of the case" doctrine, a court is ordinarily precluded from reconsidering an issue previously decided by the same court, or by a higher court in the same case. Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990) (citation omitted). "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition."' Id., quoting, Liberty Mutual Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982).[1]
 
 
 14
 It is clear that In re Professional Inv. Properties of America, 955 F.2d 623 (9th Cir.), cert. denied, 113 S. Ct. 63 (1992), never ruled on the preference because the district court did not reach that issue. The law of the case doctrine is clearly not applicable here. We therefore affirm the district court's finding that the creation of the unrecorded trust deed interest was a preference.
 
 B.
 
 15
 Under Washington law, constructive trusts in fraud cases are only created where the trust res (or the property which created it) was acquired or enhanced by the fraud in question. See Yates v. Taylor, 58 Wash.App. 187, 791 P.2d 924 (1990), rev. denied, 115 Wash.2d 1017, 802 P.2d 128 (1990). The Brigg's theory was that the proceeds really resulted in an unencumbered piece of property and are therefore marginally traceable. The problem with this argument is that it is so broad that virtually any creditor of the estate could argue this theory and therefore we do not adopt it. We conclude that there was not a sufficient factual showing of a connection between the $50,000 and the real property, which was neither acquired not improved with the $50,000, and we accordingly affirm the district court's denial of a constructive trust.
 
 III.
 
 16
 For the reasons set forth above, the decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation
 
 
 ***
 In our related prior opinion, In re Professional Inv. Properties of America, 955 F.2d 623. 626 (9th Cir.), cert. denied, 113 S. Ct. 63 (1992), we held that Maynard B. Miller could assert the powers of the trustee for the purpose of conducting this litigation
 
 
 [1]
 When an issue has been previous decided this doctrine applies unless the evidence in a subsequent trial was substantially different, controlling authority has subsequently changed, or the decision was clearly erroneous and would create a manifest injustice. Planned Parenthood of C. & N. Ariz. v. State of Ariz., 718 F.2d 938, 949 (9th Cir. 1983)