Julio ROMERO, on behalf of himself and all others similarly situated, Plaintiff—Appellant,

v.

NORTHWEST AREA FOUNDATION, a Minnesota Non–Profit Corporation, Defendant—Appellee.

No. 03–35709.

D.C. No. CV–02–03135–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Decided Feb. 18, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Matthew N. Metz, Esq., Law Offices of Matthew N. Metz, Seattle, WA, for Plaintiff–Appellant.

David J. Groesbeck, Esq., Randall & Danskin, P.S., Spokane, WA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff Julio Romero ("Romero") appeals from the district court's judgment dismissing the complaint. Romero complained that defendant Northwest Area Foundation ("the Foundation"), by aborting the process of planning a poverty reduction program in the Yakima Valley area of Washington, breached its contract with Romero and others similarly situated, violated the Washington Consumer Protection Act ("WCPA"), and is subject to promissory estoppel and *quantum meruit* equitable remedies.

The district court reconceptualized the action as an attempt to enforce a constructive charitable trust for the benefit of the Yakima Valley community, although the plaintiff did not originally ask for such enforcement. In so doing, the court made short work of the breach of contract and *quantum meruit* claims, and did not address at all the promissory estoppel and WCPA claims, although it dismissed the entire complaint. The recharacterization of the action was improper. Nevertheless, all the claims save promissory estoppel are properly dismissed. We reverse and remand for development of the record on the promissory estoppel claim.

■ Romero's breach of contract claim fails because no contract was formed. The facts as pled by Romero do not support the proposition that the Foundation made a conditional offer, as required for contract formation. At best, they support the proposition that the Foundation made a donative promise with the incidental condition that community members participate in the planning process. It is axiomatic that incidental conditions attached to donative promises do not transform promises of gifts into contracts.

■ Romero's plea for *quantum meruit* fails because there is no allegation that any promise of resources or funds was understood by the parties as payment for services, rather than as support for the collective goals of the community planning process and poverty reduction. Again, it is axiomatic that in order to recover for products or services rendered, plaintiff cannot be a "mere volunteer," *Trane Co. v. Randolph Plumbing & Heating*, 44 Wash. App. 438, 722 P.2d 1325, 1329 (1986), and that this principle holds true for *quantum meruit* damages specifically. *Yates v. Taylor*, 58 Wash.App. 187, 791 P.2d 924, 927 (1990) (citing *Trane* ).

■ The Foundation did not violate the WCPA. The threshold question for application of the WCPA is whether the conduct in question occurred in trade or commerce. *See, e.g., State Farm Fire & Cas. Co. v. Huynh*, 92 Wash.App. 454, 962 P.2d 854, 861 (1998). There is no sense in which the Foundation is generally engaged in commercial activities of the sort contemplated by the statute. Moreover, this requirement has been applied to mean that there must be some "form of trade or commercial relationship between [the] parties." *Merchant v. Peterson*, 38 Wash.App. 855, 690 P.2d 1192, 1195 (1984). The complaint does not allege that any element of the relationship between the Foundation and the plaintiffs was commercial in nature.

■ Romero's promissory estoppel claim, which the district court did not address, survives. Romero has alleged facts sufficient to support the proposition that the Foundation made a promise to the plaintiffs regarding the planning process. Romero alleges that the Foundation specifically, repeatedly, and in writing assured plaintiffs that it would allocate a specific

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sum of funds and a specific amount of resources to the planning process. The allegation is undisputed that plaintiffs relied on this assurance, and from the pleadings, it appears that this reliance was reasonable. As per the Second Restatement of Contracts, which has been adopted by Washington courts, estoppel may be limited as justice requires to the resources actually expended by plaintiffs to participate in the planning process. Thus, it is possible for the plaintiffs to recover in a limited manner for incidental costs such as travel, child-care, and time off work. The parties shall bear their own costs on appeal.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.